Dixon, J.
 

 The only question involved in this case is whether Section 486-17, General Code, requires an appointing officer to furnish a civil service employee, who has been suspended for disciplinary purposes for a period not to exceed thirty days', a copy of the order of suspension and the reasons for the same and give
 
 *504
 
 such employee a reasonable time within which to make and file an explanation.
 

 This question, which is essentially one of statutory construction, is apparently an original one as far as this court is concerned, for no cases have been cited to the court and the court has found none where a civil service employee, who has been suspended for disciplinary purposes, as in the instant case, sought reinstatement to his position on the ground that the appointing officer must specify the reasons for such disciplinary suspension and give the employee a reasonable time within which to file an explanation ' thereto. The court has likewise found no cases from other jurisdictions with similar statutes which might be helpful in deciding the question herein presented. The case of
 
 State, ex rel. Bay,
 
 v.
 
 Witter,
 
 110 Ohio St., 217, 143 N. E., 556, cited by appellee, was a case of suspension from duty pending the outcome of dismissal charges and did not involve a suspension for disciplinary purposes.
 

 It is the opinion of this court that the language of Section 486-17, General Code, does not require the appointing officer to furnish a civil service employee with a copy of the o'rder of suspension and his reasons for the same, and to give the employee a reasonable time in which to make and file an explanation, when such employee is suspended for disciplinary purposes for a period of not to exceed thirty days.
 

 It is, of course, the duty.of this court, in construing Section 486-17, General Code, to give effect and meaning to all the language thereof, if reasonably possible. The presumption is that every word in the statute is designed to have some effect. 37 Ohio Jurisprudence, 612, Section 338.
 

 While it is true that Section 486-17 provides, in part: “In all cases of reduction, lay-off or suspension of an employee or subordinate, whether appointed for a
 
 *505
 
 definite term or otherwise, the appointing; authority shall furnish such employee or subordinate with a copy of the order of lay-off, reduction or suspension and his reasons for the same, and give such employee or subordinate a reasonable time in which to make and file an explanation,” such language standing alone merely establishes' a procedure to be followed in reducing, laying off or suspending a civil service employee, and is to that extent a limitation on the power of an appointing officer to reduce, lay off or suspend such employee.
 

 This language of limitation is, however, followed by the language:
 

 “Nothing in this act
 
 contained shall limit the power of an appointing officer to suspend without pay, for purposes of discipline, an employee or subordinate for a reasonable period, not exceeding thirty days; provided, however, that successive suspensions shall not be allowed, and provided further that the provisions of this section shall not apply to temporary and exceptional appointments made under the authority of Section 486-14 of the General Code.” (Italics ours.)
 

 This latter language in our opinion operates to remove any limitation theretofore generally imposed upon the power of an appointing authority to suspend an employee and accordingly gives the appointing authority power to suspend a civil service employee for disciplinary purposes only for a period not to exceed thirty days without complying with the procedural requirements set forth in the prior language of the section.
 

 That the Legislature intended the power to suspend for disciplinary purposes to be excepted from the limitation theretofore generally imposed on the power to suspend, Is further indicated by the language of the last sentence of Section 486-17: “Nothing in this act contained shall limit the power
 
 *
 
 * *.” Such language,
 
 *506
 
 when given its clear and ordinary meaning, is broad enough to except the power to suspend for disciplinary purposes from any other procedural limitation which might be imposed on the power, whether such limitation is contained in Section 486-17 or in any other section of the civil service act. Any other interpretation of the language contained in the last sentence of Section 486-17 would require this court to adopt a strained and untisual construction, and would further require this court to hold that the power to suspend for disciplinary purposes is limited by the language of the second sentence of Section 486-17, although the last sentence in this section provides in clear and unambiguous language that “Nothing in this act contained shall limit the power of an appointing officer to suspend without pay, for purposes of discipline # # *
 

 . That the interpretation of Section 486-17 adopted by this court is reasonable and in accord with the legislative intent is further shown by an examination of the history of the section. That section, as originally enacted in 103 Ohio Laws, 698, at page 707, prescribed limitations on the power to discharge employees as well as limitations' on the power to suspend; but the power to suspend for disciplinary purposes was expressly left unhampered by such restrictions. When Section 486-17 was reenacted in 106 Ohio Laws, 400, at page 411, and a right of appeal to the Civil Service Commission given to a discharged civil service employee by Section 486-17a, General Code, the power to suspend for disciplinary purposes was again excepted from any procedural limitation on the power to suspend which might be contained in the civil service act, by the last sentence of Section 486-17, and
 
 in addition thereto, cmd in this same sentence, its provisions were expressly made inapplicable to temporary and exceptional appointments.
 

 
 *507
 
 In our opinion, the additional language contained in the last sentence of Section 486-17, as reenacted in 106 Ohio Laws at page 411, clearly indicates the legislative intent to set forth
 
 further exceptions
 
 to the limitations previously imposed on the power of an appointing authority to reduce, lay off or suspend a civil service employee.
 

 Relator argues that the power to suspend for disciplinary purposes is subject to limitations imposed by the second sentence of Section 486-17, General Code, and that reasons must accordingly be given for disciplinary suspensions. The rest of this sentence, as Avell as the rest of the paragraph, must, however, be read to properly interpret any part thereof. While relator does not particularly refer to it, the rest of the second sentence provides that the suspended employee shall also be given a reasonable time in which to make and file an explanation. The question naturally arises in analyzing relator’s argument, as to the reason why a reasonable time should be given in which to make and file an explanation to an order suspending an employee for discipline. In our opinion, such a requirement could serve little practical purpose or benefit to the employee except to lay a basis for an appeal to the Civil Service Commission. This court held, however, in
 
 Curtis, Safety Dir.,
 
 v.
 
 State, ex rel. Morgan,
 
 108 Ohio St., 292, 140 N. E., 522, that no appeal lies from the action of the appointing authority except in cases of removal. It is stated in the opinion by the court that “Section 486-17 contains no provision for an appeal to the Civil Service Commission, and nowhere in the statutes is any appeal provided from an order of ‘reduction, lay-off, or suspension.’ This fact is given additional emphasis by the further provisions of Section 486-17, giving to appointing officers power without limit to suspend for purposes of discipline for a period not exceeding 30 days, and further remov
 
 *508
 
 ing from the jurisdiction of the Civil Service Commission all temporary and exceptional appointments.”
 

 Relator further argues that if the appointing authority is not required to give a reason for a disciplinary suspension, the appointing officer will be encouraged to circumvent and evade the protective provisions of the civil service law. We are not impressed with this argument, for it requires the court to presume bad faith on the part of the appointing officer in effecting a suspension for disciplinary purposes. Such an argument further requires the court to presume that the appointing authority will violate the spirit and intent of the civil service law. Such presumptions have no basis in law. Furthermore, the Legislature has seen fit, by the language of Section 486-22, G-eneral Code, to provide against any such situátion and to adequately punish public officials who may violate the spirit and intent of the civil service law, and it is not unreasonable to assume that the G-eneral Assembly intended to preserve some power in the appointing authority which he could exercise if necessary for disciplinary purposes, in order to promote and maintain efficiency among his employees.
 

 . For the foregoing reasons, the judgment of the Court of Appeals must be reversed and the cause remanded to that court with instructions to sustain the demurrer to the petition.
 

 Judgment reversed.
 

 Matthias, Day and Myers, JJ., concur.