Myers, J.
 

 The question for decision is whether respondent, under Section 486-8, General Code, had
 
 *33
 
 the right to exempt from the classified civil service the position of tax clerk held by relator. The duties of the position are of a routine, clerical nature. It is admitted that merit and fitness for such position may be ascertained by competitive examination. The relator had previously taken such examination and pursuant thereto had been appointed to such position in the classified service. By reason thereof relator claims the right to hold such position subject to Section 10, Article XY, Constitution, which is as follows: “Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision.”
 

 The civil service mandate of the Constitution is twofold. The first element is that appointments and promotions shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. As to the relator that was done. As to the new employee supplanting relator it was not done. The second element of the constitutional mandate is that: “Laws shall be passed providing for the enforcement of this provision.” The duty of the Legislature to enact laws for the enforcement of the civil service provision of the Constitution is no less binding than is the obligation of this court to construe such laws. Inasmuch as other officials and positions are named in the statute, we limit our decision, as we must, to the issues made in the instant case. Regularity of procedure is not here involved. It is conceded that respondent followed the statute and rules of the Civil Service Commission.
 

 Section 486-8, General Code, divides employees' of the state and certain subdivisions into classified and unclassified service. Those in the classified service are required to take and pass competitive
 
 *34
 
 examinations designed to test their merit and fitness for the position sought. The relator complied with such requirements, was appointed to the position of tax clerk, and, as the dismissal letter of the respondent concludes, his services were “faithfully performed.” By such examination, appointment and faithful performance of duties, the relator had acquired a right under the Constitution to hold his position subject to discipline, suspension or removal under laws operating alike upon other employees similarly situated. Otherwise there is not equal protection of the law.
 

 It appears from the record that there were other tax clerks in the office of the respondent in the classified service performing duties similar to those performed by the relator. Removal of civil service employees unfaithful to their trust is provided for in Section 486-17®, General Code. In this cause we are primarily concerned with the rights of the relator. The new employee named to the position is not a party to these proceedings. It is the removal of relator from his position with which we are chiefly concerned. Before respondent may appoint any one else to the position held by relator, he must show wherein relatoi has forfeited the right to hold his position. The operating facts of the instant ease are not named in Section 486-17», General Code, as a cause for removal. But the procedure followed in the instant case, if upheld, would remove the relator from his position in the classified service as effectively, though perhaps not with the same stigma, as if charges were preferred and sustained for neglect of duty or other unworthy cause. Such procedure, under the operating facts of the instant case, is incompatible with the constitutional provision. It permits an appointment to be made otherwise than according to merit and fitness and at the same lime removes from the payroll a faithful employee entitled to hold his position the same as all others similarly situated. As applied to the facts
 
 *35
 
 of the instant case, paragraph 8, of subsection (a) of Section 486-8, General Code, does not enforce the civil service provision of, and must therefore yield to the protection afforded by, Section 10, Article XV, Constitution.
 

 We are referred to the cases of
 
 State, ex rel. Bryson,
 
 v.
 
 Smith, Secy. of State,
 
 101 Ohio St., 203, 128 N. E., 261, and
 
 State, ex rel. Myers,
 
 v.
 
 Blake, Dir.,
 
 121 Ohio St., 511, 169 N. E., 599. The positions in those two cases were essentially different from the one we have here. The
 
 Bryson case
 
 involved the position of a cashier handling large sums of money with a fiduciary relationship to the principal, where the most important elements necessary, integrity and character, were not ascertainable by competitive- examination. In the
 
 Blake case
 
 this court held that Blake, as chief of the division of boiler inspection, was in reality an assistant to the head of the department, an agent through whom the duties and purposes of the department were accomplished.
 

 It is urged by the respondent that in the instant case it is not the duties themselves which are important but rather the relationship of the appointee to the appointing official. The respondent in his brief argues as follows: “Who else but a personal appointee could efficiently represent the appointing official in an isolated spot in a large office doing whatever necessary to protect the official’s interest, even to the extent of reporting misconduct of the other employees to the head of the office? The mere continued presence of a personal appointee would have a salutary effect upon the other employees. Certainly, the chief deputy could not serve the same purpose, since his attention is required all over the office and to be an effective informant the individual must be on the same basis as the other employees, and must perform the same duties.” Notwithstanding the merit of such contention, it runs counter to the constitutional provision requiring ap
 
 *36
 
 pointments to be made according- to merit and fitness to be ascertained as far as practicable by 'competitive examinations. We quote from tbe opinion of tbe Court of Appeals as follows:
 

 “It is clear in the instant case that the position occupied by the relator is not one in which any fiduciary relationship to his principal exists, and it is also clear that his merit and fitness for such position could be ascertained by a competitive examination, for, in the first place, they were so ascertained, and, in the second place, clerks' of exactly the same status are carrying- on the same work as their fellow employee, and these clerks are in the classified service, and their merit and fitness were ascertained by a competitive examination.”
 

 If there be insubordination, inefficiency, incompetency, .neglect of duty, discourteous treatment of the public, dishonesty, drunkenness, immoral conduct, violation of the provisions of the statute or the rules of the Civil Service Commission, or any other failure of good behavior, or if there be misfeasance, malfeasance or nonfeasance in office upon the part of any civil service employee, abundant authority for the removal of such employee is to be found in Section 486-17®, General Code. Moreover, if there be need of mere discipline, ample provision therefor is to be found in Section 486-17, General Code.
 
 State, ex rel. Robinson,
 
 v.
 
 Allman, Dir.,
 
 134 Ohio St., 502, 17 N. E. (2d), 921.
 

 It is contended by respondent that there is an element of personal loyalty involved in the position of tax clerk here in question, such element having attached when the exemption was designated and the new appointment made by respondent. But such element was not a part of the competitive examination taken and passed by the relator and by virtue of which he received a valid appointment. After such an appointment is made, loyalty to good government and obedi
 
 *37
 
 ence to constituted authority is presumed. The relator met that test as is evidenced by the dismissal letter of respondent wherein he stated: “We thank you for your past services, which have been faithfully performed.”
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.