WHYTE ET AL., APPELLANTS, *v.* JEFFERSON COUNTY ENGINEER, APPELLEE.

(No. 87AP-27—Decided
June 23, 1987.)

*Dennis R. Morgan,* for appellants.
*Jones & Sheridan Co., L.P.A.,* and
*John S. Jones,* for appellee.

YOUNG, J. Appellants were employed as classified employees in the Jefferson County Engineer's office. On June 14, 1984, James R. Gills was appointed Jefferson County Engineer and soon after ran for, and won, that same office in November 1984. He began his elected term on January 7, 1985, and on February 6, 1985, he exempted three positions from classified service pursuant R.C. 124.11(A)(8). The positions exempted were Operations Coordinator, Secretary/Receptionist, held by appellant Joyce Whyte; and Secretary, held by appellant Bernadine Del Gallo. Appellee notified the Department of Administrative Services ("DAS") and followed all the proper procedures in laying off the appellants. The trial court upheld the State Personnel Board of Review's ("SPBR's") decision that appellee acted properly in abolishing appellants' positions and subsequently notified them of their layoffs. Appellants' positions were not abolished for lack of continued need; therefore, bad faith is not an issue before the SPBR.

The appellants' assert the following two assignments of error:

"1. The court below erred in finding that the order of the State Personnel Board of Review, affirming the abolishment of appellants' positions and the layoff of appellants, was not unlawful, unreasonable or against the manifest weight of evidence, and that such order was supported by reliable, substantial and probative evidence, and that appellees have not abused their discretion in that appellee did not claim the exemptions of appellants' positions within sixty (60) days of 'taking office' as required by O.A.C. Rule 123:1-5-02.

"2. The court below erred in finding that the order of the State Personnel Board of Review, affirming the abolishment of appellants' positions and the layoff of appellants, was not unlawful, unreasonable or against the manifest weight of evidence, and that such order was supported by reliable, substantial and probative evidence, [in] that an appointing authority may not exempt positions from the classified civil service under R.C. Section 124.11(A)(8) by abolishing the previous classified position and laying off the affected classified employee."

Ohio Adm. Code 123:1-5-02 states as follows:

"(A) Within sixty (60) days after taking office, each elective officer and each principal appointive officer, board, commission, or body having the power of appointment to, or removal from, positions in any office, department, commission, board or institution, shall designate the position for which exemption from the competitive classified service is claimed under the provisions of paragraph (A)(8) of Section 124.11, Ohio Revised Code, and thereafter no change in the designation of exemptions claimed under this provision which would result in the separation of a classified employee from the service shall be made during the incumbency of such officer, board, or commission, except after the filing

of a statement of reasons for such proposed change satisfactory to the Director of Administrative Services and thirty (30) days' notice thereof in order that a proper eligible list, if none is available, may be created by competitive examination from which to fill any position classified as the result of such change. If, at the expiration of sixty (60) days after taking office, exemptions have not been designated by the appointing officer, board, or commission as herein provided, the exemptions theretofore designated and in effect under this provision of the law shall be considered the exemptions claimed by such appointing authority and will be continued in effect. The selection of exempted positions may be reconsidered by an appointing authority if a reorganization of his agency occurs during his term of office as a result of legislative action.

"(B) Within sixty (60) days after the adoption of subsection (A) of this rule each elective officer and each principal appointive officer, board, or commission may designate such personal exemptions under this rule, providing they have not been previously designated."

Ohio Adm. Code 123:1-5-C2 provides that each elective officer shall have the authority to designate positions for exemption under R.C. 124.11 (A)(8) "within sixty (60) days after taking office." Appellants, relying on *Esselburne* v. *Ohio Dept. of Agriculture* (1985), 29 Ohio App. 3d 152, 29 OBR 180, 504 N.E. 2d 434, assert that the right to claim exemptions is denied to incumbent officials who are elected to new terms. However, *Esselburne* refers to "newly appointed" officials so as to distinguish from an "elected official." The narrow issue before this court is whether an appointee, who is subsequently successful in his election, can designate positions for exemptions within the sixty days after he assumes his official

elected duties. This court holds the view that each elected term is, in and of itself, a separate unit. An elected official, each time he takes office, comes into that office with the same rights and privileges that his opponent would have had. Therefore, an appointee who is subsequently elected can exercise his prerogative to exempt positions pursuant to R.C. 124.11(A)(8). Therefore, appellee properly utilized his exemptions within the first sixty days of his taking office since "taking office" occurs each time an elected official is sworn into that office.

Therefore, appellants' first assignment of error is not well-taken and is overruled.

In their second assignment of error appellants assert that the trial court erred when it held that appellee acted properly in exempting appellants' positions from the classified service pursuant to R.C. 124.11(A)(8). This section states, in pertinent part:

"(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:

"* * *

"(8) * * * [T]wo secretaries, assistants, or clerks and one personal stenographer for other elective officers and each of the principal appointive executive officers, boards, or commissions, except civil service commissions, authorized to appoint such secretary, assistant, or clerk and stenographer[.]"

In *Esselburne* this court found that it could not determine whether the job position which was the subject of the lawsuit was an "assistant" since there was an absence of evidence as to the job's duties and responsibilities. The case *sub judice* is distinguishable in that the parties have stipulated that the positions were those of "secretary, clerk, and assistant" as the terms are

used in R.C. 124.11(A)(8). Furthermore, R.C. 124.11(A)(8) allows the elected official to exempt two secretarial positions. The facts of this case are distinguishable from *State, ex rel. Townsend,* v. *Berning* (1939), 135 Ohio St. 31, 13 O.O. 318, 19 N.E. 2d 155, which was relied upon in *Esselburne. Berning* held that an appointing authority may not select one of several similarly situated employees and claim that such an employee is an "assistant" for purposes of exemption under G.C. 486-8, the predecessor to R.C. 124.11(A)(8). In the instant case, there are no other positions similarly situated which were not exempted.

Based on the foregoing analysis and a review of the record, the decision of the SPBR is supported by reliable, substantive and probative evidence. The SPBR's order abolishing appellants' positions and placing them on layoff status is not unlawful, unreasonable, or against the manifest weight of the evidence.

Therefore, the trial court did not abuse its discretion in upholding the board's decision and order, and the second assignment of error is overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and BRYANT, JJ., concur.