By the Court.
 

 This is an action in mandamus wherein the relator seeks to compel the director of industrial relations to allow payment of salary from July 1, 1923, to August 21, 1923, the date of the abolishment of the office of special medical examiner for the Industrial Commission of Ohio, which position relator had previously been filling.
 

 In his petition filed herein the relator averred that his position was in the classified service; that on Saturday, June 30, 1923, the director of the department of industrial relations served upon relator an order of removal whereby he was discharged from his position, to become effective July 5, 1923, setting forth various reasons for such discharge; and that on July 2, 1923, relator applied to the clerk of the department of industrial relations, who had theretofore assigned him to the various duties he was to discharge, and was ad
 
 *217
 
 vised that there was no work for him, although relator was willing to perform any and all work required of him from the 30th day of June to the 22d day of August, 1923.
 

 Relator further averred that on the 5th day of July, before an appeal from the order of removal had been perfected to the civil service commission of Ohio, he received from the director of industrial relations notice that he had been suspended from duty pending the outcome of dismissal, for the reason that he had not reported for duty since June 30, 1923; that, having on July 2, 1923, for. warded an explanation of the reasons for his discharge to the director of industrial relations, and an explanation of the order of removal purporting to become effective on the 5th day of July, 1923, he, the relator, on the 14th day of July, filed with the state civil service commission his appeal from such discharge and removal from the position of special medical examiner; that thereafter a hearing was duly had and the order of removal was disaffirmed by the state civil service commission of Ohio, and your relator was reinstated to his former' position; that on the 21st day of August, 1923, the position of special medical examiner, formerly occupied by the relator, was abolished.
 

 Relator, therefore, having been restored- to his position by the- civil service commission, asked to have paid to him his salary from the 30th of June, 1923, to the 22d day of August, 1923, amounting to $382.50, but the director of industrial relations refused, and still refuses, to issue the necessary orders or warrants therefor, and this action is brought to secure such relief.
 

 
 *218
 
 To this petition a demurrer was filed by the defendants, and a stipulation as to facts to be considered in connection with the allegations of the petition. Among the facts stipulated are the following:
 

 “On July 16, 1923, Dr. W. F. Bay [relator] replied to said letter [director’s letter of July 5] as follows: I
 

 “ ‘Replying to yours of the 5th July, permit me to say that on July 2nd, I asked Thomas Merriman for any assignment he might have which was in conformity with the past custom and received information that he had no work for me.’
 

 “On July 18, 1923, the defendant, H. R. Witter, directed a letter to the civil service commission as follows:
 

 “ ‘On July 5th, 1923, Dr. William F. Bay was dismissed from the position of chief medical examiner in the department effective on that date.
 

 “ ‘As we state in a previous communication Dr. Bay did not report for duty after June 30th, and therefore, he was suspended, effective as of that date. Dr. Bay’s “explanation” of the matter is attached hereto.’
 

 “Accompanying said last above quoted letter was a copy of Dr. Bay’s letter to Mr. Witter, dated July 16th. The ‘previous communication’ referred to in this letter refers to a communication addressed to the civil service commission on July 5th by Mr. H. R. Witter as follows:
 

 “ ‘Attached hereto you will find formal “order of removal,” dismissing Dr. W. F. Bay, special medical examiner in the division of workmen’s
 
 *219
 
 compensation, effective July 5, 1923, together with an “explanation” signed by him.
 

 “ ‘Dr. Bay had not reported for duty since July [June] 30, 1923.
 

 “ ‘Please notify us as soon as possible if an appeal is taken.’
 

 “On the 21st of August, 1923, the civil service commission gave the following notice to Mr. Witter, to wit:
 

 “ ‘This commission, after careful consideration of the evidence adduced in the hearing of the appeal of Dr. William F. Bay from the order of removal filed by you, discharging him from the position of special medical examiner, disaffirmed the order of removal and directed that Dr. Bay be reinstated to the position of special medical examiner in your department.’ ”
 

 The contention of the parties may be summarized as follows:
 

 The director of the department of industrial relations contends that the plaintiff is not entitled to the relief prayed for because there was no appeal taken to the civil service commission from the suspension of July 5.
 

 The relator contends that he was not suspended; that the attempted suspension was illegal, and a nullity; that it was irregular, and could not be effective; that there was no suspension order from which he could appeal to the state civil service commission of Ohio; that he was not called upon to attempt to appeal from the pretended order of suspension, and was not subject to the attempted suspension; and that, since the attempted order of suspension was' a nullity, and since the order
 
 *220
 
 of removal was disaffirmed by tbe state civil service commission after a hearing, and relator restored to his position, he is entitled to his salary from June 30 to August 22, 1923.
 

 By Section 486-2, General Code, it is provided:
 

 “No person shall be * * * suspended * * * in the civil service of the state * * * in any manner or by any means other than those prescribed in this act or by the rules of the state or municipal civil service commissions.”
 

 And Section 486-17, General Code, provides:
 

 “In all cases of * * * suspension of an employe
 
 * * *
 
 the appointing authority shall furnish such employe * * * with a copy of the order of * * * suspension and his reasons for the same, and give such employe * * * a reasonable time in which to make and file an explanation. Such order together with the explanation, if any, of the subordinate shall be filed with the commission.”
 

 And Section 486-17», second paragraph, provides:
 

 “In all cases of removal the appointing authority shall furnish such employe or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employe or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employe or subordinate shall be filed with the commission. Any such employe or subordinate so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal.”
 

 
 *221
 
 It is apparent that the determination of this matter depends upon whether the appeal was properly taken. The relator contends that he had no right to appeal to the state civil service commission from the pretended order of suspension for the following reasons:
 

 (1) Because no copy of the pretended order of suspension was ever filed with the state civil service commission.
 

 (2) No time was given by the pretended order of suspension in which to file explanations.
 

 (3) The pretended order of suspension was so indefinite in its terms that the period of the attempted suspension could not be determined.
 

 It is well established in this state that an employe in the classified service can only be suspended or removed in accordance with the provisions of the Civil Service Act.
 
 City of Steubenville
 
 v.
 
 Bougher,
 
 10 Ohio App. 178;
 
 Hornberger, Dir. of Public Service,
 
 v.
 
 State ex rel. Fischer,
 
 95 Ohio St. 148, 116 N. E. 28;
 
 State ex rel. Brittain
 
 v.
 
 Board of Agriculture of Ohio,
 
 95 Ohio St. 276, 116 N. E. 459.
 

 In order to suspend an employe in the. classified service, the appointing power must do the following things:
 

 (a) Serve upon the employe a written order of removal or suspension containing one or more of the statutory grounds for the same, together with such specification of facts as will enable the employe to make an explanation.
 

 (b) Give the employe a reasonable time in which to make and file an explanation.
 

 
 *222
 
 (e) File with the civil service commission a copy of such order of removal or suspension.
 

 Even though it he conceded that the letter of July 5 was a sufficient compliance with the first requisite, this record does not disclose a satisfactory compliance with the second and third ele ments above set forth. The relator was not given a. reasonable time in which to make and file an explanation. The order of suspension was dated July 5, and, under the communication of June 30, the relator had already been “removed.” This order of suspension would therefore seem to be retroactive in character, and, further, the relator was already out of office on July 5, having been removed, and therefore no suspension of him was effective.
 

 As to the third requirement, “such order shall be filed with the commission,” although it is true that under date of July 5 the civil service commission was advised of the order of removal, and advised that relator had not reported since June 30, 1923, nothing was said about suspension. No copy of the order of suspension reached the commission, although the order'of removal was given the commission under date of July 5. The removal being effective July 5, the appeal filed July 14 was in time, and upon hearing was decided favorably to relator.
 

 The appeal from the order of removal and the hearing thereon are conceded to be regular, but the refusal to allow salary is based upon the failure to appeal within ten days from the order of suspension.
 

 
 *223
 
 The acts upon the part of the respondent as to the suspension do not meet the mandatory provisions of the statute, and the attempted suspension was illegal, void, and of no effect. It follows, therefore, that no right of appeal to the civil service commission existed. The pretended order of suspension was so indefinite in its terms that its purpose and effect could not be determined. The' attempted order of suspension not being in our opinion a legal one, it follows that the contention that no appeal from the suspension was prosecuted within ten days, as provided by the statutes and the rule of the civil service commission, is not well taken; and, the appeal and hear-ing upon the removal having resulted favorably to relator, and relator having been reinstated by the civil service commission, it follows that relator is entitled to the relief prayed for. The demurrer to the petition of plaintiff is therefore overruled.
 

 Writ allowed,
 

 Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur.
 

 Wanamakee and Robinson, JJ., not participating.