By the Court.
 

 Similar actions in mandamus were instituted by each of the relators named to require reinstatement to the position held as an appointee within the civil service in the division of building regulations of the city of Columbus. A writ, as prayed, was awarded in each case by the common pleas court, and that judgment was affirmed by the Court of Appeals. Upon motion the record was certified to this court for review. By agreement all the cases were certified together as one case in this court, the evidence having been embodied in one bill of exceptions upon which the Court of Appeals decided all the cases, and that is the record before this court.
 

 It is conceded that these relators held their respective positions permanently under the charter of the city and the rules and regulations of the civil service commission. On January 11, 1932, an ordinance was passed by the council of the city of Columbus, which by reason of the absence of the approval of the civil service commission was repassed as an emergency
 
 *399
 
 ordinance on February 1,1932, the object and purpose of which was the reduction in the number of employees in said department from seventeen to eleven. Prior to January 30, 1932, the chief building inspector, who was the head of the division, acting under the direction of his superior, the director of the department of public safety, procured the written resignations of all appointees in his department. These were all signed prior to January 23d, though undated, but, as finally transmitted, each bore the date of January 27, 1932. Each resignation was addressed to the director of public safety and stated that it was “to take effect at your pleasure.” The resignations of all but three of said appointees were on February 1st transmitted by the director to the civil service commission, accompanied by a notice of the provisional appointment of these six relators to their respective positions. Approval thereof was refused by the civil service commission on the ground that thereby said employees would be subject to another examination which would not be required of others whose resignations had been received. Attention was at the same time directed to the rule of the commission under which “employees may be reinstated to the positions from which they have resigned without examination.”
 

 The relators had no official notice of their provisional appointment, and on February 6th they were notified of the termination of their services. On February 8th a list of names of persons not theretofore regularly employed was submitted by the director as provisional appointees to the positions in question, and these were subsequently approved by the civil service commission. Upon application to the civil service commission, restoration of these relators to their respective positions as employees was denied. These several actions were brought to procure their reinstatement.
 

 Each relator charges that his resignation was procured by threats and coercion, and that it was accepted
 
 *400
 
 and attempted to be put into effect, contrary to and in violation of representations made by tbe director in disregard of the civil service provisions of the statute and the charter of the city.
 

 Upon issue made by the answer of the defendants, the case was heard and determined by the court of common pleas, and the entry therein recites a general finding upon the issues in favor of each relator against the defendants. That finding and judgment was unanimously affirmed by the Court of Appeals. The record discloses ample evidence supporting the conclusion there reached and announced. The defendants are therefore concluded upon the issues of fact.
 

 If, then, the relators did not voluntarily relinquish their respective positions, but on the contrary were either wrongfully persuaded to tender their resignations, or were induced to do so upon certain terms and conditions relative to retention or succession specified by the director, or his authorized representative, by whose acts he is bound, who then failed to comply with those terms and conditions, and attempted to make such resignations effective contrary to the representation upon which they were obtained, as found by the Court of Common Pleas and the Court of Appeals, it follows that relators were wrongfully removed from their respective positions and are entitled to reinstatement; which right may be enforced by mandamus.
 

 The positions in question were not abolished. In two of them there was no change, and in the other classifications there was a reduction in the number of appointees; hence only in the latter did any selection become necessary. Those selections were made, and thereby the incumbents to be retained in the several positions were indicated. All said employees acceded to the selection by the method insisted upon by their superior, and thereafter those not selected approvingly recognized the same in the pay roll signed by them. Then, instead of announcing the retention of those pre
 
 *401
 
 íerred, as anticipated, their resignations were made effective and they were certified merely as provisional appointees.. But thereafter that action was made ineffective by the disapproval of the civil service commission, as heretofore stated, and the places were filled by designation of persons not previously connected with the department. If a mere reduction in the force had been desired, it could have been effectuated without violation of the letter and spirit of the provisions of the charter and the statutes enacted to preserve the rights of employees under the civil service and to safeguard the interests of the public.
 

 Mandamus will not lie to enforce the payment of a claim unliquidated and indefinite in amount. Whatever view may be entertained by this court with reference to the right of the relator to recover in an action at law compensation or salary, or any portion thereof, for the period of exclusion from office, upon a re-examination of the doctrine announced in the ease of the
 
 City of Cleveland
 
 v.
 
 Luttner,
 
 92 Ohio St., 493, 111 N. E., 280, Ann. Cas., 1917D, 1134, we now hold that such question can be considered only in an action at law.
 

 The judgment in so far as it orders the restoration of relators to their respective positions is affirmed. In all other respects it is reversed.
 

 Judgment modified and affirmed.
 

 Weygandt,' O. J., Allen, Stephenson, Jones, Matthias, Beyes and Zimmerman, JJ., concur.