Jones, J.
 

 For more than eight years White served
 
 *113
 
 on the city police force. On December 31, 1931, he was stricken with illness, which incapacitated him from performing his duties as patrolman. In the meantime the department carried him on the payroll for a period of a little more than a year after he became incapacitated, and then removed him from the payroll. It appears that when this petition was filed, the patrolman had not only been continuously incapacitated for duty for more than four years, but that he was then an incompetent.
 

 The petition of relator does not state that "White was illegally removed from his position, but that he was wrongfully suspended from the payroll and thereby deprived of his wages as a patrolman. Section 12283, General Code, provides that a writ of mandamus may issue “commanding the performance of an act which the law specially enjoins.” Section 486-17a, General Code, protects the tenure of officers and employees in the classified service and pertains to their removal from employment or office. But no specific duty is thereby enjoined respecting the deprivation or restoration of emoluments pertaining to the office or employment. Mandamus could not, therefore, be employed for the purpose of restoration of the patrolman’s wages.
 

 Section 12287, General Code, specifically provides that a writ of mandamus “must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law.” This court has frequently adhered to that principle, and the Court of .Appeals, in the instant case, refused the writ on that ground. "Whether the relator has an adequate remedy at law we are not called upon to decide.
 

 In support of their position, counsel for relator cite the cases,
 
 City of Cleveland
 
 v.
 
 Luttner et al.,
 
 92 Ohio St., 493, 111 N. E., 280, Ann. Cas. 1917 D, 1134, where, in a brief
 
 per curiam,
 
 a majority of the court held that reinstated employees were entitled to their wages.
 
 *114
 
 This pronouncement was based upon the proposition that the emoluments of an employee constituted a contract between him and the public, which was guaranteed by provision of the Ohio Constitution giving redress for any injury done to anyone and assuring him remedy by due course of law. My own views upon the legal aspect of those cases were expressed in a dissenting opinion, and I shall not further allude to it, except to say that it would be a strange doctrine to apply, even in an action at law, in the instant case, where more than four years elapsed between the time when relator’s ward became incapacitated and the time he filed his petition to recover the full amount of his wages; nor could have the city recouped its damages by any showing that the patrolman could have earned wages in the meantime, because it is conceded that he has been incapacitated for a period of about five years. However, the cases of
 
 Luttner et al., supra,
 
 were actions at law, and in
 
 Williams, Dir. of Dept. of Public Safety,
 
 v.
 
 State, ex rel. Gribben,
 
 127 Ohio St., 398, 188 N. E., 654, the
 
 per curiam
 
 states that these questions can be considered only in actions at law, whatever views this court might entertain upon re-examination of the doctrine announced in the
 
 Luttner cases, supra-,
 
 with reference to the right of the relator to recover compensation for the period of his exclusion from office or employment.
 

 The petition alleges that, by reason of his suspension from the payroll, “he has lost his rights to, and participation in, a certain insurance fund provided by said Department of Police for its members”. This feature of the case is not before this court for two reasons: (a) The action is not predicated upon any insurable or pensionable status that the relator might have. It is based entirely upon his right to recover a stipulated wage by reason of the wrongful action of the director of public safety, (b) The petition does not set forth any provisions of the .city charter or
 
 *115
 

 rules
 
 adopted pursuant thereto respecting any insurable interest which the relator’s ward might have had; and it is elemental that, while municipal courts could take judicial notice of municipal law, a court of general jurisdiction cannot do so. They must be pleaded. 31 Ohio Jurisprudence, 549; 17 Ohio Jurisprudence, 51. The rules applicable to the pleading of municipal ordinances are applicable to municipal charters as well, and it was so stated by Robinson, J., in
 
 Maryland Casualty Co.
 
 v.
 
 McDiarmid,
 
 116 Ohio St., 576, 157 N. E., 321.
 

 The petition on its face discloses neither legal nor equitable grounds for the awarding of a writ of mandamus. When the ward was separated from the payroll on January 16, 1933, if charges had been filed against the patrolman, the latter, from that time until the present, could have had no defense against the action of the director of public safety; for it is conceded that during the whole of that period he has been incapacitated for duty. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Matthias and Zimmerman, JJ., concur.