By the Court:
 

 The question submitted is whether the civil service commission of a municipality has the power to make a regulation which would require the appointing authority to lay off employees in the inverse order of appointment.
 

 That portion of Section 486-19, General Code, which is here pertinent, reads:
 

 ‘ ‘ Such municipal commission shall prescribe, amend and enforce rules not inconsistent with the provisions of this act for the classification of positions in the civil service of such city and city school district; for examinations and registrations therefor; and for appointments, promotions, removals, transfers, lay-offs, suspensions, reductions and reinstatements therein; and for standardizing positions and maintaining efficiency therein. Said municipal commission shall have and exercise all other’ powers and perform all other duties with respect to the civil service of such city and city school district, as herein prescribed and conferred upon the state Civil Service Commission with respect to the civil service of the state; and all authority granted to the state commission with respect to the service under its jurisdiction shall, except as otherwise provided in this act, be held to grant the same authority to the municipal commission with respect to the service under its jurisdiction. ”
 

 Municipal civil service commissions are thereby vested with broad and comprehensive rule-making powers, limited only by the requirement that the rules and regulations adopted be not inconsistent with the provisions of the Civil Service Act. To be thus inconsistent, they must contravene or be in derogation of some express provision of the Civil Service Act. Though the authority conferred is broad, it does not, nor can it, include a delegation of legislative power.
 
 *298
 
 The civil service commission, being confined exclusively to matters of administration, may enforce but may not declare public policy.
 

 Has the.commission here violated any of these principles ?
 

 By the enactment of the Civil Service Act, the General Assembly fixed the establishment of a merit system as the ultimate aim in view, and laid down certain principles upon which the institution of civil service is to be built. It is not conceivably possible for the Legislature to prescribe the entire host of details incident to administration. Of necessity, many of these must be left to the administrative bodies charged with putting the policy into practical effect. “In the nature of things there must be many things on which the wisdom of legislation must depend, which can only properly be determined in the course of the administration of the legislative will as expressed in law.”
 
 Green
 
 v.
 
 State Civil Service Commission,
 
 90 Ohio St., 252, 256, 107 N. E., 531.
 

 The resolution of the civil service commission here questioned does not, in our opinion, declare policy. It deals merely with a matter of administrative detail, by means of which it seeks to enforce the policy declared by the Legislature. It is but an administrative means for the accomplishment of the legislative end. In the adoption of the rule, the civil service commission exercised a valid administrative function, not amendatory of, but subordinate to, the will of the Legislature as expressed in the act.
 

 Appellees argue that the Legislature, by enacting Section 486-17b, General Code, “having made lay-off in the police and fire departments in the inverse order, has indicated that it did not intend that same should apply to the other classifications. The application of the principle
 
 ‘expressio unius est exclusio alterius,
 
 should of itself be decisive of the question.”
 

 The maxim is of utility only as an aid in ascertain
 
 *299
 
 ing legislative intent, bnt when its employment operates to defeat such intent it will be held to be inapplicable.
 

 ‘ ‘ Tbe rule should not be carried beyond the reason for its existence. It is to be applied only as an aid in arriving at the legislative intention, and not to defeat the apparent .intention. ” 37 Ohio Jurisprudence, 557, Section 296. See also 25 Ruling Case Law, 981, 982, Section 229.
 

 In
 
 Springer
 
 v.
 
 Government of Philippine Islands,
 
 277 U. S., 189, 72 L. Ed., 845, 48 S. Ct., 480, the court said: “The general rule that the expression of one thing is the exclusion of others is subject to exceptions. Like other canons of statutory construction it is only an aid in the ascertainment of the meaning of the law and must yield whenever a contrary intention on the part of the lawmaker is apparent. "Where a statute contains a grant of power enumerating certain things which may be done and also a general grant of power which standing alone would include those things and more, the general grant may be given full effect if the context shows that the enumeration was not intended to be exclusive. See for example,
 
 Ford
 
 v.
 
 United States,
 
 273 U. S., 593, 611 [71 L. Ed., 793, 801, 47 S. Ct., 531];
 
 Portland
 
 v.
 
 New England Telephone & Telegraph Co.,
 
 103 Me., 240, 249 [68 A., 1040];
 
 Grubbe
 
 v.
 
 Grubbe,
 
 26 Or., 363, 370 [38 P., 182];
 
 Swick
 
 v.
 
 Coleman,
 
 218 Ill., 33, 40 [75 N. E., 807];
 
 Lexington, ex rel. Menefee,
 
 v.
 
 Commercial Bank,
 
 130 Mo. App., 687, 692 [108 S. W., 1095];
 
 McFarland
 
 v.
 
 Missouri, K. & T. Ry. Co.,
 
 94 Mo. App., 336, 342 [68 S W., 105].”
 

 In
 
 Ford
 
 v.
 
 United States,
 
 273 U. S., 593, 611, 71 L. Ed., 793, 801, 47 S. Ct., 531, the court said: “This maxim properly applies only when in the natural association of ideas in the mind of the reader that which is expressed is so set over by way of strong contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must
 
 *300
 
 be intended to have opposite and contrary treatment.” Again, “The- maxim of interpretation relied on is often helpful, but its wise application varies with the circumstances.”
 

 The fact that Section 476-176, General Code, grants seniority rights to members of the police and fire departments is not indicative of an intention on the part of the Legislature to withdraw from the jurisdiction of municipal civil service commissions the element of seniority in service as a subject of regulation. The provisions of Section 486-176, ^General Code, do not in any way amend, modify or restrict those of Section 486-19, General Code. The broad and comprehensive powers with which municipal civil service commissions are vested include the authority to prescribe the requirement that seniority in service shall be considered in laying off employees in classified civil service.
 

 We find the resolution here challenged to be consistent with the provisions of the Civil Service Act and therefore valid and enforceable, and hold that appellant is entitled to a writ compelling his reinstatement as prayed for.
 

 Appellant’s prayer that he be awarded the emoluments of his position during the period of his exclusion therefrom cannot be considered here. “Whatever view may be entertained by this court with reference to the right of the relator to recover in an action at law compensation or salary, or any portion thereof, for the period of exclusion from office,
 
 * * *
 
 such question can be considered only in an action at law.”
 
 Williams, Dir.,
 
 v.
 
 State, ex rel. Gribben,
 
 127 Ohio St., 398, at page 401, 188 N. E., 654. See also
 
 State, ex rel. White,
 
 v.
 
 City of Cleveland,
 
 132 Ohio St., 111, 5 N. E. (2d), 331.
 

 The judgment will be reversed and a writ requiring reinstatement of appellant to his former position will
 
 *301
 
 be allowed; but tbe claim for compensation will be dismissed without prejudice.
 

 Judgment accordingly.
 

 Day, Zimmerman, Williams and Gorman, JJ., concur.
 

 Weygandt, C. J., and Matthias, J., dissent.