By the Court :
 

 The first question is whether, in the absence of an eligible list, a civil service employee provisionally appointed after a non-competitive examination and upon approval by the Civil Service Commission of Ohio under favor of Section 486-14, General Code, may be summarily discharged from his position without the notice and hearing provided by Section 486-17ft, General Code.
 

 This is the precise question presented and decided in the cases of
 
 State, ex rel. Slovenshy,
 
 v.
 
 Taylor Dir.,
 
 135 Ohio St., 601, 21 N. E. (2d), 990, and
 
 State, ex rel. Lagedrost,
 
 v.
 
 Beightler, Dir.,
 
 135 Ohio St., 624, 21 N. E. (2d), 992. In the former case this court held that “one receiving a provisional appointment under Section 486-14, General Code, in the absence of an eligible list, becomes an appointee in the classified service within the contemplation of Section 486-8(6),' General Code, entitled to retain his position during good behavior and efficient service, until the establishment of an eligible list, or until his services are terminated by arriving at the mandatory retirement age, or until the abolishment of the position, or a lay-off.
 

 “Being in the classified service, he may not be summarily dismissed; his removal is governed by Section 486-17a, General Code.”
 

 The respondents ask this court to overrule this pronouncement. They base their contention on the theory that under the civil service statutes of this state a civil service employee provisionally appointed after a noncompetitive examination and upon approval of the Civil Service Commission is not in the classified service.
 

 
 *176
 
 A careful and dispassionate study of these statutes discloses that this question is clearly answered by the provisions of Section 486-14, General Code (106 Ohio Laws, 400, 409), which then read in part as follows:
 

 “Positions in the classified service may be filled without competition as follows:
 

 “1. Whenever there are urgent reasons for filling a vacancy in any position in the classified service and the commission is unable to certify to the appointing officer, upon requisition by the latter, a list of persons eligible for appointment after a competitive examination, the appointing officer may nominate a person to the commission for npn-competitive examination, and if such nominee shall be certified by the commission as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination, but such provisional appointment shall continue in force only until regular appointment can be made from eligible lists prepared by the commission, and such eligible lists shall be prepared within ninety days thereafter. In case of- an emergency an appointment may be made without regard to the rules of this act, but in no case to continue longer than thirty days, and in no case shall successive appointments be made: provided, however, that interim or temporary appointments, made necessary by reason of sickness or disability of regular officers, employees or subordinates shall continue only during such period of sickness or disability, subject to rules to be provided for by the commission.”
 

 The very first sentence states that “Positions in the classified service may be filled without competition as follows.” Then comes a provision for provisional appointments upon a non-competitive examination. With the statute thus plainly stating that the classified service may be filled by a provisional appointment upon a non-competitive examination, this court cannot rea
 
 *177
 
 sonably be expected to indulge in sheer judicial legislation and hold that the classified service may
 
 not
 
 be so filled.
 

 In the same sentence appears the statement that such a person “may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination.” In the face of this language it hardly will do to hold that such a person may
 
 not
 
 be appointed to fill a vacancy until a competitive examination is held.
 

 Furthermore this sentence provides also that “such provisional appointment shall continue in force only until regular appointment can be made from eligible lists prepared by the commission. ’ ’ Again this wording manifestly precludes a holding that such appointment shall
 
 not
 
 continue in force until an eligible list is prepared. But the respondents rely upon the provision that “such eligible lists shall be prepared within ninety days thereafter. ’ ’ They contend that a provisional appointee is thereby prohibited from serving longer than ninety days. However, there seems to be no reason to construe this requirement as other than the thing it appears to be, namely, a direction to the Civil Service Commission to prepare an eligible list within ninety days. The theory of the respondents seems to be that, if the Civil Service Commission fails to discharge its duty in this respect, the appointee is thereby penalized by the loss of his position. This view of the matter would make it possible for the Civil Service Commission to oust an appointee by the simple device of refusing him an opportunity to take a competitive examination, and is a
 
 non sequitur.
 

 This court finds no reason for departing from the pronouncement in the above-cited cases. These statutes may be amended by the Legislature but not by this court.
 

 The second question here presented relates to the prayer of each relator for an order including not only
 
 *178
 
 a restoration to his position but also an adjudication of the question of salary. That a writ of mandamus is not the proper remedy for this phase of this controversy is apparent from numerous decisions of this court. In the case of
 
 State, ex rel. Curtis,
 
 v.
 
 DeCorps, Dir.,
 
 134 Ohio St., 295, 16 N. E. (2d), 459, it was held that “Appellant’s prayer that he be awarded the emoluments of his position during the period of his exclusion therefrom cannot be considered here.” In the case of
 
 State, ex rel. White,
 
 v.
 
 City of Cleveland,
 
 132 Ohio St., 111, 5 N. E. (2d), 331, it was held that “where an employee * * * has been suspended from the payroll, a writ of mandamus will not be employed to replace him on the payroll or to restore his wages during the period of his suspension.” Also, in the earlier case of
 
 Williams, Dir.,
 
 v.
 
 State, ex rel. Gribben,
 
 127 Ohio St., 398, 188 N. E., 654, this court said:
 

 “Mandamus will not lie to enforce the payment of a claim unliquidated and indefinite in amount. Whatever view may be entertained by this court with reference to the right of the relator to recover in an action at law compensation or salary, or any portion thereof, for the period of exclusion from office, * * * we now hold that such question can be considered only in an action at law.”
 

 Hence the court is of the view that the petition of each relator states facts sufficient to constitute a cause of action for restoration to his position but not for his salary. The demurrer to each petition is overruled, and the respondents are granted leave to plead.
 

 Demurrers overruled.
 

 Wbygandt, C. J., Zimmerman, Williams and Myers, JJ., concur.