Weygandt, C. J.
 

 Although several questions are presented by the briefs of counsel, there is but one now requiring consideration and decision by this court. That is the fundamental and decisive question as to whether the relator can maintain this action against these respondents. Of course the demurrers search the entire record.
 

 It is the contention of the relator that for a period of six months he was wrongfully prevented from discharging the duties of the office of engineer and that therefore the county should be compelled to pay him the salary for that entire period although the work was performed by another and although the salary for five of the six months already has been paid to that
 
 de facto
 
 officer without any effort on the part of the relator to prevent such payment.
 

 The relator relies upon the decision in the case of
 
 City of Cleveland
 
 v.
 
 Luttner,
 
 92 Ohio St., 493, 111 N. E., 280, Ann. Cas. 1917D, 1134, an action at law. Without commenting upon the criticism to which the majority view in that case has been subjected, it is necessary to observe the important distinction that those plaintiffs were wrongfully ousted by the defendant city itself, while in the instant controversy the respondent county officials had nothing whatsoever to do with preventing this relator from discharging the duties of the office, inasmuch as Riffle alone was responsible for this; and according to the overwhelming weight of authority this fact gives the relator a complete remedy in the form of an action to recover from
 
 *224
 
 Riffle the amount of salary the latter received during his wrongful possession of the office. 32 Ohio Jurisprudence, 1035, Section 179; Restatement of the Law of Restitution, 554, Section 137.
 

 This court is likewise of the view that the county should not be required to twice pay the salary for the five-month period, since it in no wise prevented the relator from discharging the duties of the office, and since the relator took no steps to prevent payment to Riffle. That this is in conformity with the general rule is shown by the following summary in 32 Ohio Jurisprudence, 1034, Section 177:
 

 “The courts taking this view generally, agree that upon grounds of public policy the office must be filled and the salary cannot be paid twice, and further, that the
 
 de jure
 
 officer’s sole remedy is against the
 
 de facto
 
 officer; they also appear generally to consider that the certificate of election, or the commission, or a judgment of a lower court in the incumbent’s favor, is itself sufficient justification for paying the
 
 de facto
 
 officer.”
 

 See also 55 A. L. R., 997; 59 A. L. R., 117.
 

 Certainly when, as in this case, the governmental body responsible for paying the salary is not at fault, this is an eminently fair rule. This principle was applied in the case of
 
 Steubenville
 
 v.
 
 Culp,
 
 38 Ohio St., 18, 43 Am. Rep., 417, even when the council of the municipality subsequently declared that the cause for a police officer’s suspension was insufficient.
 

 It follows that the relator’s petition showing payment of the salary to Riffle for the first five months does not plead a cause of action for that period.
 

 With reference to the salary for the sixth month no further action on the part of the commissioners is necessary, inasmuch as they made an appropriation for the entire six months, and that allocated to the sixth remains unpaid. Furthermore, the auditor offered and still offers to pay that month’s salary to the
 
 *225
 
 relator. Thus, apparently no suit is necessary to collect this money, hut if litigation be unavoidable, a simple action at law will suffice.
 
 Williams, Dir.,
 
 v.
 
 State, ex rel. Gribben,
 
 127 Ohio St., 398, 188 N. E., 654;
 
 State, ex rel. White,
 
 v.
 
 City of Cleveland,
 
 132 Ohio St., 111, 5 N. E. (2d), 331.
 

 The relator’s petition states no cause of action and is dismissed at his costs.
 

 Petition dismissed.
 

 Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.