Zimmerman, J.
 

 This action in mandamus originated in the Court of Appeals for Cuyahoga county. A demurrer was filed to the petition and thereafter counsel for the parties stipulated that, if the demurrer was overruled, the court should order a peremptory writ of mandamus to issue as prayed for in the petition, and that, if the demurrer was sustained, final judgment should be entered for the respondents.
 

 The court overruled the demurrer, allowed the writ, and the cause is now in this court on an appeal as of right.
 

 The action was instituted by George G. Boyd, a member of the division of police of the city of Cleveland, as relator, against- six named individuals, in their capacities as members of the Board of Trustees of the Police Belief Fund of the city of Cleveland, as respondents. .
 

 Belator alleges in his petition that his active service as a member of the division of police began on September 11, 1920, at which time, pursuant to taking a noncompetitive examination, he received a provisional civil service appointment as a patrolman; that he was employed and serv'ed regularly under such appointment until July 1, 1921; that on November 2, 1921, relator was again appointed as a patrolman in the division of police from the list of those who had taken the regular competitive civil service examination for such position; and that he again performed the
 
 *254
 
 same duties as he had under his provisional appointment.
 

 Also, the relator alleges that by June 4, 1946, he “will have served for a period of twenty-five (25) years as a member of the division of police of the city of Cleveland; that during all of said period of time he actively followed the occupation of a policeman and performed all regular active and perilous duties of a patrolman.”
 

 The prayer of the petition is that a writ of mandamus issue commanding the respondents in their official capacities “to allow the relator as credit toward the twenty-five (25) years of service required for retirement on pension of the time of his service in the division of police of the city of Cleveland from September 11,1920, to July 1,1921.”
 

 Set out in the petition are sections 21 and 31 of the rules and bylaws of. the board of trustees of the police relief fund, which sections, it is averred, were duly adopted by the board of trustees and were in full force and operation at all times involved. Counsel are agreed that a disposition of this case depends largely on the correct interpretation of such sections.
 

 That part of section 21 pertinent to a decision in this case reads as follows: -
 

 “Any member of the division of police who has' served for a period of twenty-five (25) years * * * may voluntarily retire by filing with the board of trustees of the police relief fund an application for retirement and shall be placed upon the. police relief roll at a rate of pension equal to fifty (50) per cent of the salary for the rank the member held at time of retirement * * V’
 

 Section 31 provides:
 

 “The terms ‘member,’ ‘member of the division of police,’ ‘member of the department'’ and ‘member of the police department of the city of Cleveland,’ as
 
 *255
 
 herein used are defined to mean a person who at the time he or she, or his or her dependents, are placed upon the police relief roll, is or at some time theretofore has been duly appointed to the division of police as a patrolman or policewoman, as the result of a competitive civil service examination for such ranks, or is at the time of the taking effect of this rule entitled to share in the benefits of the fund.”
 

 It has been held by this court that a regularly designated provisional civil service appointee is within the classified service and is to be so treated.
 
 State, ex rel. Slovensky,
 
 v.
 
 Taylor, Dir.,
 
 135 Ohio St., 601, 21 N. E. (2d), 990;
 
 State, ex rel. Hein,
 
 v.
 
 Cull et al., Civil Service Comm.,
 
 135 Ohio St., 602, 21 N. E. (2d), 991;
 
 State, ex rel. Conway,
 
 v.
 
 Taylor, Dir.,
 
 136 Ohio St., 174, 24 N. E. (2d), 591.
 

 Section 21, quoted in part above, does not require, or even suggest, for that matter, that a member of the division of police must have served
 
 contw/uously
 
 for 25 years to qualify for a pension, apd, under section 31 of the same rules and bylaws, one is a “member” of the division of police who at the time he is placed on the police relief roll holds his position pursuant to the taking of a competitive civil service examination.
 

 Throughout the time relator served as a patrolman under provisional appointment, he was in the classified civil service and performed the duties and assumed the hazards of the position, the same as any other patrolman in the division of police. In fairness and justice, relator is entitled to have that time included in the computation of the 25 years of service prescribed for a pension, unless some impediment stands in the way.
 

 Counsel for respondents make the principal contention that under a proper interpretation of sections
 
 *256
 
 21 and 31, hereinbefore mentioned, relator must show that he has served 25 years continuously and during all of that period under an appointment made as the result of having taken a competitive civil service examination.
 

 We do not agree.
 

 As already indicated, the wording of rule 21 does not demand 25 years
 
 continuous
 
 service as a condition to a pension, and the terms of section 31 are met where
 
 at the time he is placed on the police pension roll
 
 an individual holds his position in the division of police by reason of having undergone a competitive civil service examination.
 

 It is our conclusion that the Court of Appeals properly overruled the demurrer to the petition and allowed the writ. Its judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Bell, Turner, Matthias and Hart, JJ., concur.