Hart, J.,
 

 dissenting. It is with regret that I cannot concur in the judgment in this case since it serves the laudable purpose of permitting the city of Columbus to liquidate valid claims of certain of its officers and employees against it. The reason for my dissent is that in my opinion the judgment not only validates an illegal issue of bonds, but creates an unfortunate precedent whereby municipalities may in the future assert the power to issue bonds to pay current operating expenses — an act expressly forbidden by the Ohio Uniform Bond Act, except in certain instances hereinafter noted.
 

 The pertinent part of Section 2293-2, General Code, reads as follows:
 

 “But no subdivision or other political taxing unit shall create or incur any indebtedness for current operating expenses, except as provided in Sections 2293-3 * * * of the General Code.”
 

 I maintain, and it is conceded in the majority opinion, that “the salaries of the municipal officers and general employees do constitute a part of the current operating expenses of the municipality.” In the majority opinion it is conceded further that “if Section 2293-2, General Code, stood alone the city could not
 
 *513
 
 legally issue the bonds with which we are concerned in this case.”
 

 The majority of the court in the instant case, speaking through the opinion, takes the position that ‘‘Section 2293-2, provides an exception to the prohibition against the creation of any indebtedness for current operating expenses, and a part of that exception is the provision of Section 2293-3, General Code, to the effect that bonds maybe issued to pay
 
 jitdgments
 
 in actions for personal injuries or based on
 
 other noncontractual obligations.'”
 
 (Italics mine.)
 

 The majority then asserts that the
 
 right
 
 to the salaries of public officers and public, general employees is not based upon contract, but the payment of such salaries is a noncontractual obligation of a municipality, and when claims to such salaries are reduced to the form of judgments, they are-subject to liquidation by proceeds from the sale of bonds under the exception in question. As a preliminary observation, in my view, such an argument or position fails utterly when applied to the wages of general employees of a municipality.
 

 In my opinion, whether the
 
 right to
 
 an officer’s salary is or is not a contract right is beside the point. When a salary has been fully earned, as in the case of the officers and employees involved in this action, the money due them becomes a simple debt of the municipality, and an implied contract arises to pay that debt. Such salary may be recovered in an action at law governed by the law of contracts, and, since an action at law is available, mandamus will not lie.
 
 Williams, Dir.,
 
 v.
 
 State, ex rel. Gribben,
 
 127 Ohio St., 398, 401, 188 N. E., 654;
 
 State, ex rel. Ford,
 
 v.
 
 City of Toledo,
 
 137 Ohio St., 385, 387, 30 N. E. (2d), 553. The officers and employees of the city of Columbus whose claims are involved herein availed themselves of their remedy at law and secured their judgments against the
 
 *514
 
 city iii actions at law based upon implied contracts or obligations to pay salaries already earned. Such salaries are assignable by the officers or employees, if already earned or accrued, as distinguished from salaries not yet earned. 32 Ohio Jurisprudence, 1032, Section 175; Mechem on Public Offices and Officers, Section 874;
 
 Serrill
 
 v.
 
 Wilder,
 
 77 Ohio St., 343, 83 N. E., 486, 14 L. R. A. (N. S.), 982. And earned salaries are garnishable in the hands of the municipality. 4 Ohio Jurisprudence, 145, Section 112;
 
 City of Newark v. L. S. Funk & Bro.,
 
 15 Ohio St., 462. Such attributes do not attach to noncontractual obligations, such as claims for persona] injuries, nuisances, or 'any other noncontractual obligations for which a municipality may be liable.
 

 In my opinion, the exception contained in Section 2293-3, General Code, does not give any license to evade the clear prohibition, contained in Section 2293-2, General Code, against the issue of bonds for the payment of “current operating expenses.” In other words, such evasion cannot be accomplished by transmuting the obligations to pay earned, and accrued salaries — not subject to liquidation by the issue of bonds —into judgments for such salaries and thus qualify such judgments for payment by the issue of bonds on the pretext that such judgments are based on noncontractual obligations. From a perusal of the entire Uniform Bond Act, I conclude that its purpose is to place strict limitations on the issue of bonds, especially those issued without the approval of the electorate; and in keeping with this purpose, Section 2293-2, General Code, was intended to authorize the issue of bonds only in emergency cases which cannot be within the contemplation of the municipal authorities in preparing municipal budgets and in fixing municipal tax levies, such as judgments rendered for personal injuries or other like obligations. Furthermore, the fact
 
 *515
 
 that only judgments and not other liquidated items such as fixed salaries and wages may be paid' from the proceeds of bonds authorized by the statute in question, strongly indicates a legislative purpose to limit such authorization to bonds for the payment of unliquidated noncontractual items the amounts of which must necessarily be determined by the process of legal judgments. This intention, it seems to me, is made clear by the statute itself in describing the judgments within its exception as being those “for
 
 personal injuries
 
 or based on
 
 other
 
 noncontractual obligation.” In my opinion, the rule of
 
 ejusdem generis
 
 applies.
 

 “* * * where, in a statute, general words follow a designation of particular subjects or classes of persons, the meaning of the general words will ordinarily be construed as restricted by the particular designation and as including only things or persons, of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose.” 37 Ohio Jurisprudence, 779, Section 450.
 

 The statute contains a designation or enumeration in specific words, “judgments” for “personal injuries”; the description or enumeration constitutes a class, “personal injuries”; the class is not exhausted by the enumeration as indicated by the conjunction “or”; a general term follows the specific designation or enumeration “other noncontractual obligation”; and there is no indication that the general term should be given a broader meaning than the doctrine requires. These are the recognized tests of the applicability of the doctrine. 2 Sutherland Statutory Construction (3 Ed.), 400, Section 4910;
 
 George H. Dingledy Lumber Co.
 
 v.
 
 Erie Rd. Co.,
 
 102 Ohio St., 236, 131 N. E., 723.
 

 Matthias, J., concurs in the foregoing dissenting opinion.