STATE, EX REL. KENDRICK, PLAINTIFF-RELATOR, *v.* THORMYER ET, DEFENDANTS-RESPONDENTS.

Ohio Appeals, Tenth District, Franklin County.

No. 5790.

*Mr. Donald H. Tishman,* for plaintiff-relator.

*Mr. William Saxbe,* attorney general, *Mr. Hugh A. Sherer,* chief counsel, and *Mr. Thomas L. Startzman,* assistant attorney general, for defendants-respondents.

*Per Curiam.* This is an original action in mandamus. This cause is on for hearing on the demurrer of the respondents to relator's petition for the reason that on the face thereof, it fails to show a cause of action.

The petition says that on August 5, 1957, relator was illegally suspended from his position as Right-of-Way Agent IV, Division 8 Right-of-Way, Department of Highways, by Respondent George J. Thormyer, Acting Director of Highways, and asks in the prayer of the petition that Respondent C. William O'Neill, Governor of Ohio, reinstate and restore plaintiff-relator to his position.

The claim of the relator is that his suspension was illegal because the governor had not filled the position of Director of Highways and that having no Director of Highways, the act of suspension by Respondent Thormyer, Acting Director of Highways, was void.

It appears from a reading of Section 143.01 et seq., Revised Code, that the power to appoint and remove Civil Service employees is lodged in the appointing authority. Section 143.01 (D), Revised Code, reads as follows:

"(D) 'Appointing authority' signifies the officer, commission, board, or body having the power of appointment to, or removal from, positions in any office, department, commission, board, or institution."

Section 5501.10, Revised Code, authorizes the Director of Highways to employ engineers, inspectors, and other employees for the purposes therein mentioned.

It is apparent that the power to appoint, remove, or suspend the relator is not lodged in the governor. This being so,

the governor cannot be required in a mandamus action to restore relator to his position. It appears from *Williams, Director,* v. *State, ex rel. Gribben,* 127 Ohio St., 398, that the extraordinary writ of mandamus is not available to a public employee as a means, directly or indirectly, to recover pay or salary during the time he was wrongfully excluded from his position. While we do not decide in this case whether the relator was properly suspended, we do hold that mandamus is not the remedy for the recovery of compensation of a public employee.

The demurrer of the respondents to the petition herein is sustained on the ground that it is apparent on the face thereof that no cause of action is stated.

Demurrer sustained.

PETREE, P. J., BRYANT and MILLER, JJ., concur.