MONAGHAN, APPELLEE, *v.* RICHLEY ET AL., APPELLANTS.

[Cite as Monaghan v. Richley (1972),
32 Ohio St. 2d 190.]

(No. 72-454—Decided December 15, 1972.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman, Mr. John A. Brown* and *Mr. Timothy J. Ucker,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Richard A. Szilagyi* and *Mr. John T. Conroy,* for appellants.

O'NEILL, C. J. The issue presented in this appeal is whether relator is entitled to a writ of mandamus directing respondents to compensate him for the period of time during which he was wrongfully excluded from his employment.

Respondents urge that relator's action is barred by the doctrine of sovereign immunity (Section 16, Article I of the Ohio Constitution), and that mandamus does not lie for the recovery of back pay.

Whether mandamus lies for the recovery of back pay by a public employee is an issue which has been before

this court on prior occasions in varying factual situations. In some cases, recovery was sought against local governmental units, *e. g.*, *Williams* v. *State, ex rel. Gribben* (1933), 127 Ohio St. 398, 188 N. E. 654; *State, ex rel. White,* v. *Cleveland* (1936), 132 Ohio St. 111, 5 N. E. 2d 331; *State, ex rel. Curtis,* v. *DeCorps* (1938), 134 Ohio St. 295, 16 N. E. 2d 459; *State, ex rel. Cox,* v. *Hooper* (1940), 137 Ohio St. 222, 28 N. E. 2d 598; *State, ex rel. Ford,* v. *Toledo* (1940), 137 Ohio St. 385, 30 N. E. 2d 553; *State, ex rel. Giovanello,* v. *Lowellville* (1942), 139 Ohio St. 219, 39 N. E. 2d 527; *State, ex rel. Gordon,* v. *Barthalow* (1948), 150 Ohio St. 499, 83 N. E. 2d 393; *State, ex rel. Harris,* v. *Haynes* (1952), 157 Ohio St. 214, 105 N. E. 2d 53; *State, ex rel. Barborak,* v. *Hunston* (1962), 173 Ohio St. 295, 181 N. E. 2d 894. In other cases, as in the instant case, recovery was sought against the state, *e. g.*, *State, ex rel. Bay,* v. *Witter* (1924), 110 Ohio St. 216, 143 N. E. 556; *State, ex rel. Conway,* v. *Taylor* (1939), 136 Ohio St. 174, 24 N. E. 2d 591; *State, ex rel. Greenlun,* v. *Beightler* (1940), 137 Ohio St. 377, 30 N. E. 2d 554; *State, ex rel. Wilcox,* v. *Woldman* (1952), 157 Ohio St. 264, 105 N. E. 2d 44.

Recovery for back pay was permitted in a mandamus action in *State, ex rel. Bay,* v. *Witter, supra* (110 Ohio St. 216). A contrary result was reached, however, in *Williams* v. *State, ex rel. Gribben, supra* (127 Ohio St. 398). This court's holdings in such cases were summarized by Zimmerman, J., in *State, ex rel. Wilcox,* v. *Woldman, supra* (157 Ohio St. 264, 268), as follows:

"Although courts in other jurisdictions have taken a different view, this court has consistently held that the extraordinary writ of mandamus is not available to a public employee as a means, directly or indirectly, to recover pay or salary during the time he was wrongfully excluded from his position. *Williams, Dir.,* v. *State, ex rel. Gribben,* 127 Ohio St. 398; 188 N. E. 654; *State, ex rel. White,* v. *City of Cleveland,* 132 Ohio St., 111, 5 N. E. (2d), 331; *State, ex rel. Curtis,* v. *DeCorps, Dir.,* 134 Ohio St., 295, 16 N. E. (2d), 459; *State, ex rel. Conway,* v. *Taylor, Dir.,*

136 Ohio St., 174, 24 N. E. (2d), 591; *State, ex rel. Green-lun,* v. *Beightler, Dir.,* 64 Ohio App., 295, 28 N. E. (2d), 935, affirmed, 137 Ohio St., 377, 30 N. E. (2d), 554; *State, ex rel. Ford,* v. *City of Toledo,* 137 Ohio St., 385, 30 N. E. (2d), 553.

"In the *Williams case* cited first above, it is express-ly stated in the next to the last paragraph of the *per curiam* opinion:

" 'Mandamus will not lie to enforce the payment of a claim unliquidated and indefinite in amount. Whatever view may be entertained by this court with reference to the right of the relator to recover in an action at law com-pensation or salary, or any portion thereof, for the period of exclusion from office, upon a reexamination of the doc-trine announced in the case of the *City of Cleveland* v. *Luttner,* 92 Ohio St., 493, 111 N. E. 280, Ann. Cas., 1917D, 1134, we now hold that such question can be considered only in an action at law.' "

In allowing relator here to recover back pay, the Court of Appeals relied upon its previous holding in *Hardin* v. *Johnson* (1971), 30 Ohio App. 2d 19, 281 N. E. 2d 194. That case involved an action in mandamus for back pay brought by an employee of a state agency, the Public Utilities Commission. The court, after reviewing this court's holdings, drew a distinction between cases involv-ing actions against the state and actions against local gov-ernmental units, stating, at page 24 in the opinion:

"State employee cases would seem to present a dif-ferent problem than that presented by local government units, although, one state employee case, *State, ex rel. Conway,* v. *Taylor* (1939), 136 Ohio St. 174, follows the rule from *Williams* and *White,* mentioning the customary 'un-liquidated and indefinite' objection regarding wages claim-ed. Such position avoids consideration of the distinguish-ing characteristic of the subdivision cases. In such, an ac-tion at law will lie, whereas a suit against the state of Ohio is precluded by the sovereign immunity doctrine which still remains the law in this state."

No such distinction was made in *Wilcox* v. *Woldman, supra* (157 Ohio St. 264), as the cases cited for the general rule denying recovery in mandamus included actions against the state and actions against local governmental units. However, in a dissent, at page 274, Stewart, J., was of the view that relatrix in that action had "* * * no adequate remedy in the ordinary course of the law for the recovery of the back salary due her, since the state is not amenable to an ordinary action for such recovery."

It is to be noted that in none of the cases cited herein is the issue of sovereign immunity discussed, except for its mention in *Hardin* v. *Johnson, supra* (30 Ohio App. 2d 19), and in the dissent in *Wilcox*.

This court questions the applicability of the immunity doctrine to such cases. Relator here seeks the compensation to which he would have been entitled but for the layoff, which, as established by the order of the Personnel Board of Review reinstating him to his position, was an illegal act. Thus, relator is not seeking to recover damages from the state, but to compel respondents to perform their legal duty to compensate him for the period of time during which he was illegally excluded from his position.

As the court said in *State, ex rel. Wilson,* v. *Preston* (1962), 173 Ohio St. 203, 211, 181 N. E. 2d 31:

"* * * In cases involving a state's immunity from suit, there are certain areas wherein the state's immunity does not extend to its officers. This is true where an action is brought to compel an officer to perform his clear legal duty. And mandamus is an excellent example of this. Although the action is brought against the individual, it is brought to compel performance of his governmental duties, and the state itself is affected by the result."

Thus, if the action for compensation sought here is maintainable in mandamus, the doctrine of sovereign immunity will not bar recovery.

As noted in the opinion in *Wilcox* v. *Woldman, supra* (157 Ohio St. 264), beginning with the decision in *Williams* v. *State, ex rel. Gribben, supra* (127 Ohio St. 398), this court has consistently held that mandamus is not avail-

able as a method for a public employee to recover compensation for the time during which he was wrongfully excluded from his employment. However, *State, ex rel. Bay,* v. *Witter, supra* (110 Ohio St. 216), which preceded *Williams,* and which permitted such recovery, has not been overruled. In such circumstances, a reexamination of the rule that mandamus is an improper remedy is obviously appropriate.

The only rationale for the *Williams* rule, requiring a reinstated employee to pursue an action at law for compensation due him, expressed in *Williams,* at page 401, is that mandamus "will not lie to enforce payment of a claim unliquidated and indefinite in amount." The subsequent cases applying that rule have provided no additional reasoning to support the rule.

The obvious result of not allowing recovery of compensation in mandamus actions, where both reinstatement and back pay are sought and the employee's reinstatement is granted but his back pay is denied, is that another action is required to secure the back pay due. In such cases, relegating an employee to a second action to enforce a right that could have been determined in the first action creates a multiplicity of suits from the same cause, an unwelcome result in this time of crowded court dockets.

If the underlying reason for denying compensation in mandamus actions is that mandamus does not lie for an unliquidated or indefinite amount, then in any case wherein the amount is not indefinite and the right to relief is clear because of prior reinstatement, there appears to be no reason why mandamus should not be available as a suitable remedy. The amount recoverable is, of course, the amount of compensation the employee would have received had he not been wrongfully excluded from his employment, which amount is subject to reduction " * * * by the amount he earned or in the exercise of due diligence could have earned in appropriate employment during the period of exclusion." *State, ex rel. Wilcox,* v. *Woldman, supra* (157 Ohio St. 264), paragraph one of the syllabus.

Accordingly, this court holds that an action in manda-

mus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from his employment, provided the amount recoverable is established with certainty.

As shown by the stipulated facts herein, relator established that he exercised due diligence to obtain appropriate employment during the period of exclusion from his position, the amount of compensation he was entitled to for the period of time he was excluded from work, and the amount of money he earned elsewhere during such period. Such proof was sufficient to entitle him to the writ of mandamus prayed for.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.