THE STATE, EX REL. DEAN, APPELLANT, *v.* HUDDLE, DIR., APPELLEE.

[Cite as State, ex rel. Dean, v. Huddle (1976), 45 Ohio St. 2d 234.]

(No. 75-922—Decided March 10, 1976.)

*Messrs. Clayman & Jaffy, Mr. Stewart R. Jaffy* and *Mr. John W. Kenesey,* for appellant.

*Mr. Robert A. Bell* and *Mr. Dennis R. Morgan,* for appellee.

*Per Curiam.* The issue to be determined is whether the Court of Appeals was correct in precluding relator from a recovery of money damages and relegating him to bringing a separate action at law for those damages.

In *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190, this court said in the syllabus that:

"An action in mandamus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from employment, *provided the amount recoverable is established with certainty.*" (Emphasis added.)

The court, in *Monaghan,* at page 195, said that "[t]he amount recoverable is, of course, the amount of compensation the employee would have received had he not been wrongfully excluded from his employment, which amount is subject to reduction '* * * by the amount he earned or in the exercise of due diligence could have earned in appropriate employment during the period of exclusion.' *State, ex rel. Wilcox,* v. *Woldman, supra* (157 Ohio St. 264), paragraph one of syllabus."

236

.The record, in the instant case, indicates that the amount of compensation relator was entitled to for the period of time he was excluded from work ($18,796.76) and the amount of money he earned elsewhere during such period ($5,959.89) were established with certainty. In addition, this court concludes from the record that relator exercised due diligence to obtain appropriate employment during the period of exclusion from his position. See *Monaghan, supra,* at 196.

Accordingly, the judgment of the Court of Appeals is reversed and the writ prayed for is allowed, and respondent is ordered to pay the compensation due relator for the period of his wrongful exclusion from employment, in the amount of $12,836.87, with interest at the rate of six per-cent.

*Judgment reversed and writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.