[Cite as *State ex rel. Waiters v. Szabo,* 129 Ohio St.3d 122, 2011-Ohio-3088.]

THE STATE EX REL. WAITERS, APPELLANT, *v.*

SZABO, COMMR., ET AL., APPELLEES.

[Cite as *State ex rel. Waiters v. Szabo,* 129 Ohio St.3d 122, 2011-Ohio-3088.]

*Mandamus — Discharged city employee sought mandamus to compel her reinstatement with back pay and an award of attorney fees — Employee's claim for reinstatement was mooted when city reinstated her — Employee failed to prove entitlement to back pay or attorney fees — Court of appeals' decision affirmed.*

(No. 2010-2067 — Submitted June 20, 2011 — Decided June 29, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 94599, 2010-Ohio-5249.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying the claim of a terminated public employee for a writ of mandamus to compel her reinstatement to her former job with back pay and an award of attorney fees. Because the employee has been reinstated to her former job and because she failed to establish her entitlement to back pay or an award of attorney fees, we affirm.

**Facts**

{¶ 2} Appellant, Cheryl D. Waiters, is employed by the city of Cleveland as an electrician assigned to Cleveland Hopkins Airport. During her employment with the city, Waiters has been a member of the International Brotherhood of Electrical Workers, Local 38, which has a collective-bargaining agreement with the city of Cleveland.

{¶ 3} In June 2007, the city discharged Waiters from employment. The union filed a grievance on behalf of Waiters pursuant to the procedure set forth in

the collective-bargaining agreement, and after the city denied the grievance, the union demanded arbitration. In March 2008, following a hearing, an arbitrator found that the city had discharged her from employment without just cause and ordered that she be "reinstated to employment in her former position, status, classification and shift with full seniority and continuous service." The arbitrator ruled that reinstatement would be subject to any ordinary and customary fitness-for-duty examination, that back pay would be awarded if Waiters could show that she had made reasonable efforts to mitigate her damages by seeking other employment, and that the back-pay award would be reduced by the amount Waiters had earned.

{¶ 4} After a subsequent proceeding to resolve disputes concerning the calculation of a remedy, the arbitrator ruled that Waiters was not entitled to back pay or benefits for the period from her discharge through June 5, 2008, that the city was not prevented by the collective-bargaining agreement from requesting a fitness-for-duty examination of Waiters, and that it was up to the civil service commission to determine whether to grant any request by the city for the examination. The arbitrator noted that Waiters was "entitled to be made whole for any wages and benefits lost from the date of the hearing in the remedy phase, subject to further issues relative to any claimed failure to mitigate damages after June 5, 2008."

{¶ 5} The city filed a motion in the Cuyahoga County Court of Common Pleas to vacate the arbitration award ordering Waiters's reinstatement to her job as an electrician at the airport, and the court denied the motion. On appeal, the court of appeals affirmed the judgment denying the city's motion to vacate on November 25, 2009. *Cleveland v. Internatl. Bhd. of Elec. Workers Local 38*, Cuyahoga App. No. 92982, 2009-Ohio-6223. The city did not appeal the court of appeals' judgment.

2

**{¶ 6}** After some time passed from the court of appeals' mandate, the union threatened the city that it would file a motion in the common pleas court for it to show cause why it should not be held in contempt for failing to either reinstate Waiters to her former position or petition the civil service commission to permit a fitness-for-duty examination. The city subsequently scheduled physical and psychological examinations for Waiters, and she passed both exams by April 2010. City officials signed paperwork to begin the process of Waiters's reinstatement to her former job, and a remedy hearing was scheduled before the arbitrator to determine the amount of back pay owed to her.

**{¶ 7}** In January 2010, Waiters filed a complaint in the court of appeals for a writ of mandamus to compel her reinstatement to her former position with back pay and an award of attorney fees. Waiters named Cleveland Hopkins Airport Commissioner Fred S. Szabo, Cleveland Department of Port Control Director Ricky D. Smith, Cleveland Mayor Frank G. Jackson, Cleveland Department of Finance Director Sharon A. Dumas, the city, and the union as respondents. The parties filed dispositive motions and evidence. After the court of appeals requested an update of the status of Waiters's claims, Waiters and the union notified the court that the city had reinstated her to her former job on June 28, 2010, following the union's filing of a motion in the common pleas court for an order directing the city to show cause why it should not be held in contempt for failing to reinstate her.

**{¶ 8}** In October 2010, the court of appeals denied the writ. The court concluded that Waiters's claim for reinstatement was moot and that she had failed to establish her entitlement to back pay or attorney fees.

**{¶ 9}** This cause is now before this court upon Waiters's appeal as of right.

**Analysis**

**{¶ 10}** Waiters asserts that the court of appeals erred in determining that she is not entitled to the requested extraordinary relief in mandamus. To be entitled to the writ, Waiters had to establish that she was entitled to reinstatement to her former position as an airport electrician with the city, back pay, and attorney fees, a corresponding clear legal duty on the part of the municipal respondents to provide those things, and the lack of an adequate remedy in the ordinary course of law. See *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 7.

**{¶ 11}** For the reasons that follow, Waiters's assertion is incorrect.

**{¶ 12}** First, the court of appeals correctly held that Waiters's reinstatement claim was rendered moot when she was reinstated on July 28, 2010, to her job as an airport electrician. "Mandamus will not compel the performance of an act that has already been performed." *State ex rel. Dehler v. Kelly*, 123 Ohio St.3d 297, 2009-Ohio-5259, 915 N.E.2d 1223, ¶ 1.

**{¶ 13}** Second, as a bargaining-unit employee who was represented by the union in the grievance and arbitration process, Waiters was relegated to the arbitration proceeding in which the dispute concerning the amount of back pay she would be entitled to was being decided. R.C. 4117.10(A) ("An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure * * *"). In fact, Waiters received the benefit of the union's representation in contesting the city's termination of her and obtaining the arbitration award ordering her reinstatement.

**{¶ 14}** Third, even if this were an appropriate mandamus case in which a wrongly discharged public employee could obtain reinstatement and back pay and related benefits, an award of back pay can be recovered only if the amount

4

recoverable is established by the employee with certainty. *Monaghan v. Richley* (1972), 32 Ohio St.2d 190, 61 O.O.2d 425, 291 N.E.2d 462, syllabus; *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 105 Ohio St.3d 476, 2005-Ohio-2974, 829 N.E.2d 298, ¶ 28. Waiters submitted no evidence concerning any particular amount of back pay to which she claimed entitlement.

{¶ 15} Finally, the court of appeals did not err in denying Waiters's request for attorney fees. She did not prevail in the mandamus case, no statute or contract provided for the recovery of attorney fees, and she did not establish that any of the respondents had exhibited bad faith. See, generally, *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7 ("Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees, or when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant" [citations omitted]).

{¶ 16} Therefore, the court of appeals properly denied Waiters's request for extraordinary relief in mandamus to compel her reinstatement with back pay and an award of attorney fees, and the judgment of the court of appeals is affirmed. We deny Waiters's request for oral argument.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Law Offices of S. David Worhatch and S. David Worhatch, for appellant.

Goldstein Gragel, L.L.C., Joyce Goldstein, and Shelley M. Fleming, for appellee International Brotherhood of Electrical Workers, Local 38.

_____