By the Court.
 

 The issue presented in this case is made by demurrer to the petition filed in this court. The pertinent facts may be stated as follows:
 

 The relator was, on September 8, 1938, appointed by the then Director of Highways of the state to a position of truck driver and, upon taking a non-competitive examination, was so certified by the Civil Service Commission of the state. It is alleged that there then existed urgent reasons for filling a vacancy theretofore existing in such position, and the Civil Service Commission was unable to furnish a list of persons eligible for such appointment resulting from a competitive examination. It is further averred that the relator was appointed to such position by the Director of Highways “by provisional appointment that relator continued in such service until February 16, 1939, when he was notified by the resident division deputy director of highways of the discontinuance of his service; that thereupon another person was appointed to perform the duties theretofore required to be performed by the relator, which appointment was made without competitive examination; and that relator was not given an opportunity to take a competitive examination for such position. He seeks a
 
 *625
 
 writ of mandamus requiring Ms restoration and reinstatement.
 

 The demurrer to the petition is overruled and, respondent not desiring to plead further, a writ may issue on authority of
 
 State, ex rel. Slovensky,
 
 v.
 
 Taylor, Dir., ante,
 
 601, this day decided.
 

 Writ allowed.
 

 Weygandt, C. J., Day, Zimmerman, Williams and Myers, JJ., concur.