*565
 
 Myers, J.,
 

 dissenting. This case and the
 
 Lynch case,
 
 recently decided by this court, are typical examples of visiting the sins of the appointing authority and the Civil Service Commission upon the employee. In the two cases,
 
 State, ex rel. Slovensky,
 
 v.
 
 Taylor, Dir.,
 
 135 Ohio St., 601, 21 N. E. (2d), 990, and
 
 State, ex rel. Lagedrost,
 
 v.
 
 Beightler, Dir.,
 
 135 Ohio St., 624, 21 N. E. (2d), 992, this court decided that on principle provisional appointees were entitled to the protection of Section 486-17a, General Code, against summary removal without cause. That was an interpretation of the rights of the appointee on the merit of his services rendered. Now it is sought through mere technicalities to invalidate the standing not only of all provisional appointees, but even of this relator, who took and satisfactorily passed a competitive examination for a permanent civil service status but who through no fault of his own but under a threat of being “fired” was forced to sign a provisional application blank. If technical mistakes are to render futile permanent and provisional appointments alike, and if the mistakes of the appointing authority and commission are to be charged to innocent employees, then security of tenure will give way to insecurity and no civil service employee may feel safe unless he first hires an attorney or abstracter to examine the record. Such execution and interpretation of civil service laws do not hold much promise for the future. Apparently all an appointing authority will need to do is to make a few convenient mistakes and the hapless employee will be at his mercy.
 

 The writ should be allowed.