Williams, J.
 

 In matters pertaining to police and fire the General Assembly has power to regulate the classified civil service even in municipalities.
 
 In re Fortune,
 
 138 Ohio St., 385, 35 N. E. (2d), 442;
 
 State, ex rel. Daly,
 
 v.
 
 City of Toledo,
 
 142 Ohio St., 123, 50 N. E. (2d), 338. See, also,
 
 State, ex rel. Mowrer,
 
 v.
 
 Underwood et al., Civil Service Commission,
 
 137 Ohio St., 1, 27 N. E. (2d), 773.
 

 We must therefore look to the statutes of the state. Doing so we find that the vital question in each cause is whether the person who is regularly filling a provisional appointment after noncompetitive examination acquires a permanent status in the classified civil service upon the expiration of the provisional period of 90 days provided for in Section 486-14, General Code, where no official action has been taken during that period to fill the place with a regular appointee.
 

 Section 486-14, in its material parts, reads as follows:
 

 “Positions in the classified service may be filled
 
 *167
 
 without competition as follows:
 

 “1. Whenever there are urgent reasons for filling a vacancy in any position in the classified service and the commission is unable to certify to the appointing officer, upon requisition by the latter, a list of persons eligible for appointment after a competitive examination, the appointing officer may nominate a person to the commission for noncompetitive examination, and if such
 
 nommee shall be certified by the commission as qualified after such noncompetitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination; but such provisional appointment shall continue in force only until regular appointment can be made from eligible lists prepared by the commission, and such eligible lists shall be prepared within ninety days
 
 thereafter.” (Emphasis supplied.)
 

 In the case of
 
 State, ex rel. Slovensky,
 
 v.
 
 Taylor, Dir.,
 
 135 Ohio St., 601, 21 N. E. (2d), 990, it was held that a person “receiving a provisional appointment under Section 486-14, General Code, in the absence of an eligible list, becomes an appointee in the classified service * * *, entitled to retain his position during good behavior and efficient service, until the establishment of an eligible list, or until his services are terminated by arriving at the mandatory retirement age, or until the abolishment of the position, or a lay-off.”
 

 The court further held in that case that the provisional appointee, being in the classified service, may not be summarily dismissed, and that his removal is governed by Section 486-17®, General Code.
 

 Thereafter pronouncements were made by this court in which a majority of its members adhered to the principles declared in that case.
 
 State, ex rel. Lagedrost,
 
 v.
 
 Beightler, Dir.,
 
 135 Ohio St., 624, 21 N. E. (2d), 992;
 
 *168
 

 State, ex rel. Conway,
 
 v.
 
 Taylor, Dir.,
 
 136 Ohio St., 174, 24 N. E. (2d), 591;
 
 State, ex rel. Lynch,
 
 v.
 
 Taylor, Dir.,
 
 136 Ohio St., 417, 26 N. E. (2d), 207.
 

 Counsel for relators rely on the above-mentioned cases but no statement made in any of them would warrant the conclusion that a provisional appointee would gain any higher status by being allowed to hold over the 90-day period without official action. The spirit of the classified civil service law, as shown by the basic constitutional provision, is that appointments “shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations.” Section 10, Article XV, Constitution. The provisional appointee, whose qualifications are ascertained by a noncompetitive examination only, may be replaced either before or after thé expiration of the 90-day period by a regular appointment from an eligible list prepared by the commission after competitive examination. ,
 

 Of course, it is the duty of the commission to prepare eligible lists within 90 days after the provisional appointment is made, so that a successor found duly qualified by competitive examination may be promptly appointed from such lists, but, if this period of 90 days is allowed to elapse without official action, the duty to prepare the lists continues until action is taken and the provisional appointee must yield his place to the regular appointee upon his appointment, the elapse of such period notwithstanding. ' Any other construction would be contrary to the spirit of the basic constitutional provision and the laws enacted pursuant thereto. The period of 90 days is wholly unlike the probationary period of not exceeding three months, provided for in Section 486-13, G-eneral Code, and is not probationary itself in any sense of the word.
 

 Having reached the conclusion that a provisional
 
 *169
 
 appointee, by being allowed to serve more than 90 days without official action being taken toward Ms replacement, does not gain a permanent status in the classified civil service like that of a regular appointee after competitive examination, this court denies the writs.
 

 Writs denied.
 

 Wetgandt, C. J., Zimmerman, Bell, Turner, Matthias and Hart, JJ., concur.