THE STATE, EX REL. SCHUCHMAN, *v.* PORTERFIELD, DIR., ET AL.

(No. 5474—Decided July 9, 1957.)

*Mr. Dan H. McCullough, Mr. John B. Spitzer* and *Mr. Jas. Slater Gibson,* for relator.
*Mr. William Saxbe,* attorney general, *Mr. Thomas L. Startzman* and *Mr. James F. DeLeone,* for respondents.

*Per Curiam.* This is an action in mandamus originating in this court, in which the relator seeks to be restored to the position of psychiatric social worker IV (33-35), step 1—5026, in the Department of Mental Hygiene and Correction, and to the emoluments, privileges, and prerogatives of said position. After an alternative writ of mandamus was issued, an answer was timely filed on behalf of the respondents, and to this answer the relator filed his reply.

The cause is now before the court upon the motion of the respondents for a judgment in their favor on the pleadings filed herein.

It is basic law that a peremptory writ of mandamus will not be issued unless the relator is clearly entitled thereto. In the case now before us, the question to be determined is whether he is entitled, as a matter of law, to a peremptory writ restoring him to the position he formerly occupied, under the pleadings filed herein consisting of the petition, answer, and reply.

It is alleged in paragraph four of the petition that relator was appointed on June 7, 1955, to the position mentioned in the first paragraph of this opinion; that said employment was to begin on August 1, 1955; and that on September 6, 1955, relator was duly certified by the Civil Service Commission of the state of Ohio to the aforesaid position after a noncompetitive examination. This kind of appointment and certification to a position in the classified civil service of Ohio can be nothing more than a provisional appointment, since the powers of any appointing authority, as well as of the Civil Service Commission, are set forth in Section 143.23, Revised Code. Therefore, since such nominee was certified by the commission on September 6, 1955, as qualified after a noncompetitive examination, his rights are spelled out by Section 143.23, which provides, in part, as follows:

"* * * he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination; but such provisional appointment shall continue in force only until a regular appointment can be made from eligible lists prepared by the commission * * *."

The answer, which was filed on March 24, 1956, alleges that, subsequent to the abolition of the position, competitive civil service examinations were held for the purpose of establishing an eligible list for the position in question if, as, and when vacancies in that classification should be or become available; and that relator did not present himself as a prospective examinee for said examinations.

This allegation in the answer is not denied in paragraph four of the reply, which is as follows:

"By way of further answer to respondents' second defense, relator alleges and says that insofar as relator believes no examination for the aforesaid position, other than noncompeti-

tive examinations were held by the Civil Service Commission until after relator's removal, and that in any event he would be entitled to hold the position to which he had been appointed pursuant to noncompetitive examination until he was replaced by an appointee appointed from a duly established eligible list. Relator, having been lawfully appointed to his aforesaid position, was entitled to hold the same until he was removed for cause or replaced with an appointee as aforesaid.''

Taken in the light most favorable to the relator, these pleadings can mean only that there has been a competitive examination for persons who may occupy the position of psychiatric social worker IV (33-35), step 1—5026, in the Department of Mental Hygiene and Correction. That being the case, the only persons who would now have a right to occupy the position would be persons qualified by the Civil Service Commission, since the position is alleged by the relator to be one in the classified civil service of the state of Ohio. The pleadings show that the relator was removed from his position, effective November 28, 1955, which was more than 90 days after August 1, 1955, the day he began work. However, it was less than 90 days from his noncompetitive certification by the commission on September 6, 1955. In view of the ruling in *State, ex rel. Higgins, v. George et al., Civil Service Commission,* 147 Ohio St., 165, 70 N. E. (2d), 370, it would make no difference whether competitive examinations were held before or after 90 days from the provisional appointment, since the duty remains in the Civil Service Commission to conduct such competitive examinations and to provide an eligible list, the court holding in that case that such provisional appointment shall continue in force only until a regular appointment can be made from an eligible list prepared by the commission.

Inasmuch as it is established from the pleadings that, at the time the issues were made up, an eligible list was available for the position in question, this court cannot require one who is not on that eligible list and who formerly held the position as a provisional appointee to be restored to that position. We hold that, at the time the issues were made up by these pleadings, the relator was not entitled to a peremptory writ of man-

damus, and, therefore, it is unnecessary to pass upon the question of laches raised by the first defense of the respondents' answer. The respondents' motion for judgment on pleadings is sustained.

*Judgment for respondents.*

PETREE, P. J., BRYANT and MILLER, JJ., concur.