Filed 2/2/16  P. v. Moore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE, | C078007 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 6127264, 62127260) |
| v. | |
| KATHRYN ELIZABETH MOORE, | |
| Defendant and Appellant. | |

Defendant Kathryn Elizabeth Moore pled no contest to first degree (residential) burglary and two counts of identity theft.  The trial court sentenced her to four years in state prison.  After a contested victim restitution hearing, the trial court ordered defendant to pay $18,623.11 for the value of stolen items and $1,098.68 to reimburse the victim the cost of a home security system that was installed after the burglary.  Defendant appeals.

1

The sole issue on appeal is whether defendant can be ordered to pay, as victim restitution under Penal Code[1] section 1202.4, the cost of a home security system subsequently installed by the victim of the burglary, in the absence of an allegation and proof that there was someone in the home other than the burglar or an accomplice at the time of the crime. We conclude that such victim restitution is unauthorized and modify the judgment accordingly.

DISCUSSION

Although defendant did not object to the disputed portion of victim restitution award in the trial court, she contends reimbursing the victim for the cost of her subsequently installed home security system was unauthorized by statute. An objection may be raised for the first time on appeal where it concerns an unauthorized sentence. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) When the propriety of a restitution order turns on the interpretation of a statute, a question of law is raised and we review the matter de novo. (*In re Tommy A.* (2005) 131 Cal.App.4th 1580, 1586.)

Subdivision (f) of section 1202.4 provides, with certain exceptions not applicable here, that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court."

Subdivision (f)(3) of section 1202.4 further provides, in pertinent part, as follows: "To the extent possible, the restitution order . . . shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following:

---

[1]     Undesignated statutory references are to the Penal Code.

2

"[¶] . . . [¶]

"(J) Expenses to install or increase residential security incurred related to a violent felony, as defined in subdivision (c) of Section 667.5, including, but not limited to, a home security device or system, or replacing or increasing the number of locks."

Subdivision (c)(21) of section 667.5 defines "violent felony" to include "[a]ny burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary."

Here, defendant pled no contest to a charge of residential burglary, but there was no allegation and no admission that anyone other than defendant was in the house at the time of the burglary. The victim subsequently paid to have a home security system installed, and the trial court ordered defendant to pay the cost of that system as part of the victim restitution in the case.

On appeal, defendant contends that under section 1202.4, subdivision (f)(3)(J), the cost of a home security system can be awarded as victim restitution only when the system installation relates to a violent felony, which her crime was not (because no one was home at the time of the burglary). The People acknowledge the provision in section 1202.4, subdivision (f)(3)(J) but nonetheless argue that the list of items in subdivision (f)(3) is expressly "a nonexclusive list of examples" and thus the trial court has the power to compensate a victim for a loss that is not specifically enumerated in the statute.

The People are correct that section 1202.4, subdivision (f)(3) sets forth a nonexclusive list of losses that may be the subject of a restitution order. The People, however, fail to address to dispositive question here -- that is, where the Legislature has included a particular item in a nonexclusive list *and* has imposed an explicit limitation on that item, is it consistent with legislative intent to treat the item *without* that limitation as implicitly included in the list? As we shall explain, we conclude it is not.

3

As with all questions of statutory interpretation, our task is to determine the intent of the Legislature.  There are at least two principles of statutory construction available to assist us in that inquiry here.  First is the maxim *expressio unius est exclusio alterius*, "under which 'the enumeration of things to which a statute applies is presumed to exclude things not mentioned.' " (*Gonzalez v. Santa Clara County Dept. of Social Services* (2014) 223 Cal.App.4th 72, 89-90.)

In subdivision (f)(3)(J) of section 1202.4, the Legislature specifically provided that "[e]xpenses to install or increase residential security" qualify as a compensable economic loss for purposes of victim restitution when those expenses are "incurred related to a violent felony, as defined in subdivision (c) of Section 667.5."  Implicit in this provision is the expression of legislative intent that such expenses are *not* compensable as victim restitution when they are incurred related to a crime that is *not* a violent felony as defined in subdivision (c) of section 667.5.  While "*expressio unius est exclusio alterius* is no magical incantation, nor does it refer to an immutable rule," it "should be applied 'where appropriate and necessary to the just enforcement of the provisions of a statute.' " (*Estate of Banerjee* (1978) 21 Cal.3d 527, 539.)

That leads us to the second applicable principle of statutory construction -- that "[s]ignificance should be given, if possible, to every word, phrase, sentence and part of an act." (*People v. Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 638.)  If we were to read the phrase at the beginning of subdivision (f)(3) of section 1202.4 -- "including, but not limited to, all of the following" -- as allowing victim restitution for "[e]xpenses to install or increase residential security" that are incurred related to *any* crime, notwithstanding the specific reference in section 1202.4, subdivision (f)(3)(J) to violent felonies as defined in subdivision (c) of section 667.5, then we would essentially render that specific reference superfluous.  Of course, "interpretations which render any part of a statute superfluous are to be avoided." (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1207.)  The only way to give meaning to all parts of section 1202.4,

4

subdivision (f)(3)(J), and to avoid a construction that renders part of that provision superfluous, is to construe the reference to violent felonies as defined in subdivision (c) of section 667.5 as *limiting* the circumstances in which victim restitution is available for expenses to install or increase residential security.

We recognize that "an exception [to a general power] should not be construed to limit the general power except to the extent that it clearly does so." (*Hurst v. City & County of San Francisco* (1949) 33 Cal.2d 298, 301.) Here, however, by specifically referencing the definition of "violent felony" in subdivision (c) of section 667.5, the provision in section 1202.4, subdivision (f)(3)(J) does clearly limit victim restitution for expenses to install or increase residential security in residential burglary cases to those cases in which it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary.

Finally, the primary purpose of restitution is to restore the economic status quo by reimbursing the victim for any losses suffered as a result of the defendant's conduct. (*People v. Giordano* (2007) 42 Cal.4th 644, 658.) Thus, restitution is limited to the amount necessary to make the victim whole. (*People v. Fortune* (2005) 129 Cal.App.4th 790, 794-795.) The Legislature could have reasonably determined that the victim of a violent felony is left feeling so vulnerable that a security system is a reasonably necessary part of making them whole. In the case of a burglary of an unoccupied dwelling, however, providing the victim with a security system may go beyond making the victim whole and become more of a windfall -- providing them with an asset they did not previously have. (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 995 ["the purpose of the restitution statute is to make the victim whole, not to give a windfall"].) Therefore, victim restitution for a subsequently installed home security system is reasonably limited, by statute, to those instances where the expenses were incurred as a result of a violent felony.

DISPOSITION

The December 10, 2014, victim restitution order is modified to strike the $1,098.68 which reimbursed the victim for the cost of a home security system.  The trial court is directed to prepare an amended abstract of judgment to include reflecting victim restitution in the amount of $18,623.11 and forward a certified copy thereof to the Department of Corrections and Rehabilitation.


<u>         /s/                              </u>
Robie, J.



I concur:


<u>  /s/                              </u>
Raye, P. J.

6

Hull, J.

I respectfully dissent.

My colleagues decide that, because section 1202.4, subdivision (f)(3)(J) of the Penal Code (unless otherwise set forth, statutory section references that follow are to the Penal Code) provides that a restitution order shall include as an item of economic loss "Expenses to install or increase residential security incurred related to a violent felony, as defined in subdivision (c) of Section 667.5, including, but not limited to, a home security device or system, or replacing or increasing the number of locks" the trial court is not authorized to order such restitution where, as here, the defendant has not been convicted of a violent felony.

Section 1202.4, subdivision (f)(3) reads, in pertinent part, "To the extent possible, the restitution order . . . shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following" after which the statute provides in subdivision (f)(3)(J) as set forth in the previous paragraph.

As has been held, repeatedly, a victim's right to restitution is to be broadly and liberally construed. (*People v. Sy* (2014) 223 Cal.App.4th 44, 63, quoting *People v. Millard* (2009) 175 Cal.App.4th 7, 26-27; *People v. Phu* (2009) 179 Cal.App.4th 280; *People v. Keichler* (2005) 129 Cal.App.4th 1039; *People v. Baker* (2005) 126 Cal.App.4th 463; *In re Johnny M.* (2002) 100 Cal.App.4th 1128.)

"The term 'economic losses' is also accorded an expansive interpretation. [Citation.] The term is not limited to out-of-pocket losses. [Citation.]" (*People v. Williams* (2010) 184 Cal.App.4th 142, 147.)

At the restitution hearing, the victim of the burglary confirmed that she was asking the court to order, in part, the amount of $1,098.68 to reimburse her for a home alarm system she installed following the burglary. Asked if she could describe how she felt after the burglary, she explained: "Well, it kind of was a wave of emotion because when

1

I first got home and I was shocked by what I found when I walked into the house because the house was pretty much ransacked, and then I realized my dog was missing and so my focus became primarily my dog at that point. And I did get her back the next day, but just walking into the house and I felt completely violated, and, you know, it definitely took an emotional toll on me." This was one way of addressing her feelings of concern following the burglary.

The victim told the court she "first got the camera system" and "was checking on [her] dogs periodically throughout the day when [she] was at work, and [she] felt like [she] needed to secure the house a little bit better, and that's when [she] made the decision to get the alarm system." She detailed the cost of the camera system on her "Restitution Declaration Form" as $353.68 and the cost of the home alarm system as $745 and provided the court with a paid receipt from Foothill Alarm Systems, Inc. for the full amount of the home alarm system.

At the close of the hearing, the trial judge included in his restitution order an amount of $1,098.68 for the security system, commenting: "I think the home alarm was reasonably related to the victim's trauma and emotion she suffered."

Defendant does not contend on appeal that the court's order regarding the security system was not supported by sufficient evidence or that the home security system did not qualify as an "economic loss" within the meaning of the statute or that the order rose to a general abuse of discretion. Instead defendant argues that, since section 1202.4 subdivision (f)(3)(J) requires a court to include as an item of economic loss the expense to install or increase residential security where the crime that has been committed is a felony within the meaning of section 667.5, subdivision (c), the trial court is precluded from ordering such restitution where the crime that has been committed is not a felony. The majority agrees; I do not.

In the main, the majority seems to rely for its conclusion on the canon of statutory interpretation expressed as *expressio unius est exclusio alternius* or, translated from

2

Latin, the expression of one thing is the exclusion of another. But I do not find application of that principle to be the answer to our question here.

"We do not read the enumeration of one case to exclude another unless it is fair to suppose that Congress considered the unnamed possibility and meant to say no to it. *United Dominion Industries, Inc. v. United States*, 532 U.S. 822, 836, 150 L. Ed. 2d 45, 121 S. Ct. 1934 (2001). As we have held repeatedly, the canon *expressio unius est exclusio alterius* does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence. *United States v. Vonn*, 535 U.S. 55, 65, 152 L. Ed. 2d 90, 122 S. Ct. 1043 (2002). We explained this point as recently as last Term's unanimous opinion in *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 81, 153 L. Ed. 2d 82, 122 S. Ct. 2045 (2002):

" 'Just as statutory language suggesting exclusiveness is missing, so is that essential extrastatutory ingredient of an expression-exclusion demonstration, the series of terms from which an omission bespeaks a negative implication. The canon depends on identifying a series of two or more terms or things that should be understood to go hand in hand, which [is] abridged in circumstances supporting a sensible inference that the term left out must have been meant to be excluded. E. Crawford, Construction of Statutes 337 (1940) (*expressio unius* " 'properly applies only when in the natural association of ideas in the mind of the reader that which is expressed is so set over by way of strong contrast to that which is omitted that the contrast enforces the affirmative inference" ' (quoting *State ex rel. Curtis v. De Corps*, 134 Ohio St. 295, 299, 16 N.E.2d 459, 462 (1938))); *United States v. Vonn*, supra.' " (*Barnhart v. Peabody Coal Co.* (2003) 537 U.S. 149, 168-169.)

The error in the majority's analysis here is that, while the items set forth in subdivision (f)(3)(A) to (f)(3)(L) can be considered an associated group or series in the sense that each subdivision sets forth an item of economic loss that *must* be included in a

3

restitution order (if relevant to the case), it is faulty to conclude the Legislature intended at the same time inferentially to be speaking to what *could* be included. To borrow Mr. Crawford's language quoted above, I cannot say that the natural association of ideas in my mind by that which is expressed in subdivision (f)(3) is so set over by way of strong contrast to that which is omitted that the contrast enforces an inference that the Legislature meant to exclude as an item of economic loss a home security system where the crime committed by the victim was not a felony.

There is nothing here to justify an inference that items not mentioned in those subdivisions were *excluded* by the Legislature by deliberate choice. That is underscored by the statute's earlier language in subdivision (f)(3) specifying that restitution amounts had to include, *but were not limited to*, the items set forth in subdivision (f)(3)(A) to (f)(3)(L).

In all, I think the proper interpretation of the statute, and the Legislature's intent in passing it, is rather simply determined. The Legislature merely meant to insure that, where a victim has suffered a felony offense, the victim has a right to claim as an economic loss, and the court was required to award as restitution, the reasonable cost of a home security system. That was the sole legislative intent. And subdivision (f)(3) as a whole specifies economic losses that must be reimbursed, but says nothing about economic losses that, in the court's discretion, may be reimbursed.

The majority opinion also suggests that such a reading of the statute somehow reads words out of it, specifically, subdivision (f)(3)(J). Under my interpretation of the statute, (f)(3)(J) remains and means what it says. It simply does not mean more than what it says. To be candid, it seems to me that the majority opinion reads the words "including, but not limited to" out of subdivision (f)(3).

4

I would affirm the trial court's restitution order.

/s/
Hull, J.